The only plea to this action of covenant which the defendant has interposed is non est factum, under which neither a mutual abandonment of the contract between the parties nor the non-performance by the plaintiff of conditions precedent can be given in evidence. The only question contained in the bill of exceptions which we are called upon to consider, is whether the evidence as to the damages in this case was correctly admitted at the trial. This evidence was objected to on two grounds: First, that the difference in value of the house and lot to be conveyed to the defendant by the plaintiff and the house to be built by the defendant for the plaintiff was not the true measure of the damages sustained by the plaintiff by the defendant's *Page 373 
breach of covenant; and, second, that such damages were not recoverable unless specially stated in the declaration. If the contract in suit had contained no covenant to be performed on the part of the plaintiff, but only the defendant's covenant to build a house for the plaintiff, then it is clear, not only that the measure of damages would be what it would be worth to build such a house, but also that those damages could be recovered under the common conclusion of the count in covenant, without any averment of special damage. It is the common case of work contracted to be done, materials to be furnished, goods to be delivered, in all which the damages are measured by ascertaining what it would have been worth to perform, and may be proved without any averment of special damage. The fact that the consideration for the defendant's covenant was executory and not executed makes no difference; and the defendant cannot complain that the judge directed the value of the consideration which he was to receive to be deducted from the plaintiff's damages.
A new trial must be denied and the judgment affirmed.