MARCUS M. BEEMAN, Respondent, *v.* GEORGE A. BANTA, Appellant.

Defendant contracted to construct a refrigerator for plaintiff, who was engaged in the business of preparing poultry for market, and with knowledge that plaintiff intended to at once make use of the refrigerator for freezing and preserving chickens for the May market following, expressly warranted that the freezer would keep them in perfect condition; this it failed to do, and in consequence a large quantity of chickens were lost. In an action upon the warranty, the court charged in substance, that plaintiff was entitled to recover as damages the difference between the value of the refrigerator as constructed and its value as it would have been if made according to contract, and also to recover the market value of the chickens lost, less cost of getting them to market and fees of commission men charged on sale. *Held*, no error.

*N. Y. I. & M. M. P. Co.* v. *Remington* (109 N. Y. 143), distinguished.

(Submitted January 27, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1887, which affirmed a judgment in favor of

plaintiff entered upon a verdict, and affirmed an order denying
a motion for a new trial.

*Rhodes, Coons & Higgins* and *John H. Parsons* for appel-
lant. The statement of the defendant relied upon as the
foundation of this action as a warranty, was not intended as
such by the defendant, and apparently was not relied upon at
the time of the contract, and does not, under the circumstances,
constitute a warranty. (*Swett* v. *Colgate*, 20 Johns. 196; *O.
Mfg. Soc.* v. *Lawrence*, 4 Cow. 440; *Reed* v. *Randall*, 29
N. Y. 358–361; *Rust* v. *Eckler*, 41 id. 488, 491; *Hoe* v.
*Sanborn*, 21 id. 552; *Day* v. *Pool*, 52 id. 416, 420.) The
question of the construction of the language used on which
this express warranty alleged in the complaint is founded,
should not have been submitted to the jury, as it was done.
(*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341.) Plaintiff waived
his right to damages by paying for this refrigerator after he
had discovered the alleged defect. (*M. M. P. Co.* v. *Rem-
ington*, 109 N. Y. 143; *Brown* v. *Burhans*, 4 Hun, 227;
*G. C. M. Co.* v. *Mann*, 24 Wkly. Dig. 483; *Bennett* v.
*Buchan*, 76 N. Y. 386.) Plaintiff having known of the
alleged defect before putting in his poultry, should not recover
for its loss. (1 Sutherland on Dam. 141; *Short* v. *Kalloway*,
11 A. & E. 28; *Whrightup* v. *Chamberlain*, 7 Scott, 598.)
The basis of value of the damaged chickens were furnished
only by the evidence of the plaintiff himself, and he was not
shown competent to speak on the subject. (*Harris* v. *P. R.
R. Co.*, 58 N. Y. 660; *Graham* v. *Maitland*, 6 Abb. Pr.
[N. S.] 327; 1 Sweeney, 149; *Harris* v. *Ely*, 1 Seld. Notes,
35; *Greeley* v. *Stilson*, 27 Mich. 153; *Terpenning* v. *C. E.
Ins. Co.*, 43 N. Y. 279; *Bush* v. *W. F. Ins. Co.*, 2 T. & C.
629; *Whelan* v. *Lynch*, 60 N. Y. 469.) The mere fact that a
witness has once bought or sold the very article in question
does not necessarily qualify him to express an opinion upon its
value, although the price he paid or received may be compe-
tent evidence. (*Watson* v. *Bauer*, 4 Abb. Pr. [N. S.] 272;
*Smith* v. *Hill*, 22 Barb. 656; *Chambovet* v. *Cagney*, 2 J. & S.

·474, 489.) The rule of damages as applied on this trial as to the refrigerator was erroneous, and sufficient alone to reverse the judgment. (*M. M. P. Co.* v. *Remington*, 109 N. Y. 143.)

*Baldwin & Kennedy* for respondent. Plaintiff had the right to show what the chickens would be worth in market at the time and place contemplated in the bargain as the time and place of sale, and the amount, less transportation and ·commission in selling, and what was realized from chickens sold, added to the damages on the freezer, would be the correct measure of damages. (*Passinger* v. *Thorburn*, 34 N. Y. 634; *White* v. *Miller*, 71 id. 133; *Day* v. *Poole*, 52 id. 419, 420; *Wakeman* v. *W. & W. M. Co.*, 101 id. 205; *Reed* v. *McConnell*, Id. 276; *Dart* v. *Laimbeer*, 107 id. 669.) The motion for a non-suit when plaintiff rested, should have been denied. (*Briggs* v. *Hilton*, 99 N. Y. 517; *Day* v. *Pool*, 52 id. 416; *Dounce* v. *Dow*, 57 id. 15; *Kent* v. *Friedman*, 101 id. 616.)

Parker, J. The recovery in this action was for damages claimed to have been sustained because of a breach of an express warranty on the part of the defendant to so construct a freezer for the plaintiff as that chickens could be kept therein in perfect condition.

The jury have found the making of the warranty, its breach and the amount of damages resulting therefrom. The General Term have affirmed these findings and as there is some evidence to support each proposition, we have but to consider the exceptions taken.

The appellant excepted to the charge of the court respecting the measure of damages. Upon the trial he insisted, and still urges, that the proper measure of damages is the cost of so changing the freezer as to obviate the defect and make it conform to the warranty, and *N. Y. S. Moniter Milk Pan Co.* v. *Remington* (109 N. Y. 143) is cited in support of such contention. That decision was not intended to, nor does it

modify, the rule as recognized and enforced in *Passinger* v. *Thorburn* (34 N. Y. 634); *White* v. *Miller* (71 N. Y. 133); *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205); *Reed* v. *McConnell* (101 N. Y. 276), and kindred cases.

In that case the argument of the court demonstrates: First, that improper evidence was received; and second, that the finding of the referee was without evidence to support it. No other proposition was decided. And the discussion is not applicable to the facts before us.

The plaintiff was largely engaged in preparing poultry for market which he had either raised or purchased. Before meeting the defendant he had attempted to keep chickens for the early spring market in a freezer or cooler which he had constructed for the purpose. The attempt was unsuccessful and resulted in a loss.

The jury have found in effect that the defendant, with knowledge of this intention of the plaintiff to at once make use of it in the freezing and preservation of chickens for the May market following, expressly represented and warranted that for about $500 he would construct a freezer which should keep them in perfect condition for such market.

That he failed to keep his contract in such respect, resulting in a loss to the plaintiff of many hundred pounds of chickens.

The court charged the jury that if they should find for the plaintiff, he was entitled to recover, as one of the elements of damage, the difference between the value of the refrigerator as constructed, and its value as it would have been if made according to contract. The correctness of this instruction does not admit of questioning. Had the defendant made no use of the freezer, such rule would have embraced all the damages recoverable. But he did make use of it, and such use as was contemplated by the contract of the parties. The result was the total loss of hundreds of pounds of chickens.

The fact that the defendant well knew the use to which the freezer was to be immediately put, his representation and warranty that it would keep chickens in perfect condition,

burdens him with the damage sustained because of his failure to make good the warranty.

Upon that question, the court instructed the jury that the plaintiff was entitled to recover the value of the chickens less cost of getting them to market, including freight, and fees of commission merchant.

The question of value was left to the jury, but they were permitted to consider the evidence tending to show that frozen chickens were worth forty cents a pound in the market during the month of May.

Such instruction we consider authorized. The object of the freezer was to preserve chickens for the May market. The expense of construction, and trouble, as well as expense of operation, was incurred and undertaken in order to secure the enhanced prices of the month of May. It was the extra profit which the plaintiff was contracting to secure, and in so far as the profits contemplated by the parties can be proven, they may be considered. Gains prevented as well as losses sustained are proper elements of damage. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205.)

We have carefully examined the other exceptions to the charge as made and to the refusals to charge as requested, and also the exceptions taken to the admissibility of testimony, but find no error justifying a reversal.

The insistence of the appellant that the judgment be reversed because against the weight of evidence, may have been entitled to some consideration by the General Term, but it cannot be regarded here.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., and VANN, J., not sitting.

Judgment affirmed.