CARROLL-PORTER BOILER & TANK CO. v. COLUMBUS MACH. CO.

(Circuit Court of Appeals, Third Circuit.   May 5, 1893.)

1. SALES—BREACH OF WARRANTY—DAMAGES—EVIDENCE.
    Where the defense in an action for the contract price of a machine which cannot be bought in the market is breach of warranty, evidence to show the loss by reason of such breach of an actual contract by the purchaser with a third person, and the difference between what it would have cost to execute the contract, and the price agreed to be paid for so doing, is admissible.

2. SAME—LOST CONTRACT—MEASURE OF DAMAGES.
    The measure of damages in such case is the difference between what it would have cost to fulfill the contract, and what the purchaser of the machine would have received if he had not been prevented from so doing.

3. SAME—CONTRACT COMPLETED ELSEWHERE—MEASURE OF DAMAGES.
    Where the purchaser was unable to fulfill a contract because of defects in the machine, and was obliged to send the work elsewhere to be completed, the measure of damages was the difference between what it would have cost the purchaser to complete the work required by the contract if the machine had conformed to warranty, and what he was compelled to pay, and did pay, to others for doing or completing that work.

4. SAME—DAMAGES—ADVERTISING—MISCELLANEOUS LOSSES.
    Expenditures made in advertising, and losses incurred in the general or miscellaneous business of the purchasers, cannot be allowed as damages for breach of the warranty, as the relation between such expenditure and the breach is too remote and uncertain.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

At Law. Suit by the Columbus Machine Company against the Carroll-Porter Boiler & Tank Company for the purchase price of a machine. Defendant claimed, by way of set-off, damages for breach of warranty. There was judgment on a verdict for plaintiff. Defendant brings error. Reversed.

George Shiras, 3d, for plaintiff in error.

Edwin W. Smith, for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

DALLAS, Circuit Judge. The defendants sold to the plaintiffs a machine for rolling and bending sheets of iron. The letter which embodied the contract of sale contained this language:

"This machine will have a capacity of bending a sheet 5-16 inches thick, and full width, to a sheet 1¼ inches thick and 6' wide. Will roll to a dia. of 24 feet on light stock. The machine is guarantied first-class, as is also materials and workmanship."

The machine was delivered, and this action was brought for recovery of the contract price. The case turned upon the defense that the machine was not of the warranted capacity, and that damages had resulted, which were claimed by way of set-off. The only matter for consideration here is the rule of damages, and that subject is presented by four assignments of error to the rejection of as many separate offers of evidence. If the measure generally applicable where a warranty such as this has been broken were appropriate to the circumstances of this case, there could be no doubt of the correctness of all the rulings complained of; for it is well settled that ordinarily the sum recoverable is the difference between the price contracted to be paid for the article as warranted, and the market price of like articles at the time of the breach. Where, however, as in the present case, the article is one which could not be bought in the market, that standard cannot be resorted to; and some other, which shall be fairly compensatory to the vendee, and not unjust to the vendor, must, of necessity, be adopted.

By the first offer it was proposed to show the loss, by reason of the breach of warranty, of an actual contract of the plaintiffs with a third person, and the difference between what it would have cost the plaintiffs to execute that contract, and the price agreed to be paid them for doing so. The objection which was and is interposed to this offer is that it assumed that loss of profits is a subject of damage. We agree that this assumption was involved, but not that it rendered the offer inadmissible. Railroad Co. v. Howard, 13 How. 307; U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. Rep. 81. It is a mistake to suppose that, where a vendee is unable to supply himself in the market, he is wholly debarred from showing in any way such damages as he may actually have sustained as a natural and proximate consequence of the vendor's failure to deliver at the time, or of the quality, agreed, or, as the same rule is sometimes expressed, such damages as the vendee has in fact suffered, and which may reasonably be presumed to have been contemplated by the vendor when the contract was made. Where an article is purchased which enters into the product of the vendee's manufacture, and by reason of the vendor's failure to deliver the vendee is obliged to substitute an inferior article, the case presented is substantially the same as if the inferior article had been wrongfully delivered by

the vendor; and such a case was McFose v. Fulmer, 73 Pa. St. 365, in which the supreme court of Pennsylvania held that the vendee was entitled to compensation for the loss of a contract for the sale of his product, which had resulted from the use of the inferior article in its composition. The article there in question was not purchasable in the market, and the court, per Sharswood, J., said:

"In such a case the true measure is the actual loss which the vendee sustains in his own manufacture by having to use an inferior article, or not receiving the advance on his contract price upon any contracts which he had himself made in reliance upon the fulfillment of the contract by the vendor."

There is no difference in principle between that case and the present one. There the article purchased was for use as an ingredient in the manufacture of the product which was the subject of the contract of which the vendee was deprived. Here the article involved was the mechanism relied upon for the construction of the thing sold, and by reason of the insufficiency of that mechanism the performance by the vendees of their dependent contract was rendered wholly impossible. The result in each case was the same, —a contract lost to the vendees by reason of the default of the vendors. The defendants were aware of the fact that a machine such as they had undertaken to supply could not be procured in the market. That the plaintiffs, who purchased this one for use in their business, would make contracts involving its operation, was a contingency which the defendants must have anticipated; and that the loss of such contracts would result from breach of the warranty was a consequence so direct and natural that they must be presumed to have contemplated it. This is the view of the matter which was taken by the court which decided the very similar case of McFose v. Fulmer, and we think it is the only reasonable one. The intent of the law is to award such damages as will compensate the injured party for the injury sustained; and if these plaintiffs could have obtained another machine with which to fulfill their contracts, that intent might have been accomplished in this instance by applying the ordinary measure of damages; but, as that measure was inapplicable, they were entitled to the substitution of an appropriate one, and that which they set up was just and reasonable, and precisely adapted to the special facts of the particular case. They had lost a contract, and they claimed the difference between what it would have cost them to fulfill it, and what they would have received if they had not been prevented from doing so; and "nothing short of this will do justice, because nothing short of it will give the plaintiffs the benefits they could have enjoyed if they had not been deprived of their rights." To the list of authorities furnished by Mr. Justice Bradley in U. S. v. Behan, supra, there may be added, as also pertinent to the general subject, Borries v. Hutchinson, 18 C. B. (N. S.) 445; Hydraulic Co. v. McHaffie, 4 Q. B. Div. 670; Hinckley v. Steel Co., 121 U. S. 264, 7 Sup. Ct. Rep. 875; White v. Miller, 71 N. Y. 118; Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. Rep. 264; Beeman v. Banta, 118 N. Y. 538, 23 N. E. Rep. 887; Bank v. Reese, 26 Pa. St. 143; and Culin v. Glass Works, 108 Pa. St. 220.

The principles which have been discussed with especial reference to the first offer, are also applicable to the second and third offers; for by each of them, as by the preceding one, it was proposed to show that an actual contract had been lost to the plaintiffs because of the defectiveness of the machine. But the method indicated for the ascertainment of the amount of the resultant damage was not the same. The claim asserted by the second and third offers was for the difference, in each instance, between what it would have cost the plaintiffs to do or to complete the work required by the dependent contract if the machine had conformed to warranty, and what they were compelled to pay, and did pay, to others for doing or completing that work. Assuming, in accordance with what has already been said, that the subject of damage was an admissible one, the measure suggested was certainly correct. For performance of the plaintiffs' contract the use of a sufficient machine was essential. They were therefore compelled either to abandon their contract, or to acquire the use of a machine by some means. It not being possible to purchase, they would have been justified in hiring. But as they could not, in either way, bring a machine to the work, they were compelled to take the work to a machine; and they now ask allowance, not for the entire sum which they had to pay, but only the difference between that sum, and what it would have cost them to do the work themselves. This, practically, amounts to a claim for money paid for hire of a machine, and for the profit which, presumably, was charged by those who did the work; but the defendants have no right to object to any part of this disbursement, for it was all rendered necessary by their breach of contract.

The fourth offer differed materially from the others. By it evidence was offered to show, not actual contracts made in reliance upon the warranty, but expenditures made for advertising, and losses incurred, in the general or miscellaneous business of the plaintiffs. The relation of such expenditures and losses to the breach is too remote, vague, and uncertain to admit of their allowance. As was said in White v. Miller, 71 N. Y. 118--133:

"Gains prevented, as well as losses sustained, may be recovered for a breach of contract, where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach. But mere contingent or speculative gains or losses, with respect to which no means exist of ascertaining with any certainty whether they would have resulted or not, are rejected, and the jury will not be allowed to consider them."

This distinction is referred to in many other cases, and especially in Railroad Co. v. Howard, 13 How. 307, and U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. Rep. 81. In Railroad Co. v. Howard it is thus stated:

"Wherever profits are spoken of as not a subject of damages, it will be found that something contingent upon future bargains, or speculations, or states of the market are referred to, and not the difference between the agreed price of something contracted for, and its ascertainable value or cost."

The 1st, 2d, and 3d assignments of error are sustained. The 4th is not. The judgment of the circuit court is reversed.