(10 Misc. Rep. 140.)

### BIERMAN et al. v. CITY MILLS CO.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. SALE—IMPLIED WARRANTY.

Where the purchaser of goods, which were merchantable at the price paid, used them for a purpose other than that contemplated, and for which they proved unfit, there is no breach of implied warranty.

2. SAME—KNOWLEDGE OF BUYER.

A manufacturer who buys materials to use in his business cannot recover from the seller for breach of warranty if the materials are suitable for that purpose, since he should know best what is suitable therefor.

3. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—WARRANTY OF GOODS SOLD.

An agent who sells goods cannot bind his principal by a warranty, in the absence of express authority or of a usage to warrant on such sales.

Appeal from trial term.

Action by Isaac Bierman and others against the City Mills Company to recover damages for misrepresentations and concealment on a sale of goods. From a judgment entered on a verdict directed by the court in favor of defendant, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wolf, Kohn & Ullman (Sol. Kohn, of counsel), for plaintiffs.
Edward Hinman (Austen G. Fox, of counsel), for respondent.

DALY, C. J. The plaintiffs purchased of the defendant about 4,200 yards of felt cloth, at the price of one dollar per yard, and this action is brought to recover damages of the venders for alleged misrepresentations and concealment in the sale of the goods. The complaint alleges that the defendant, by its agent thereunto lawfully authorized, represented to the plaintiffs that the defendant had manufactured, and was about to manufacture, certain kinds of beavers and cloths which were first-class articles, and fit for use in the plaintiff's business, and which they could manufacture into coats. On the trial the complaint was treated as upon a warranty, but no such representation or warranty as alleged was proved. The plaintiffs' testimony showed that a sample of cloth was brought to them by one Nicholls, the defendant's agent, and that he stated in answer to the question "How does the goods wear?" that "it wears like buckskin," and that he had an ulster himself of those goods, and wore it two years, and that he would warrant it to wear, and that the goods would make a good ulster. The defendant moved to strike out the plaintiffs' evidence as to the several representations, because they were not pleaded; and, although the motion was at first denied, it was subsequently entertained and granted. This left the cause of action wholly unproved, unless we can find in the pleadings and evidence a groud of recovery for fraudulent concealment of defects, or for breach of implied warranty. The complaint sets forth that the goods, after having been made up into clothing, were discovered to be damaged, of an inferior quality, rotten, and unfit for any purpose whatsoever, and that the defendant knew the fact, and concealed it from the

plaintiffs, and that the plaintiffs could not tell from an inspection of the goods that they were rotten; that the defect was latent; but that slight use and exposure to the air, in the wear of the goods manufactured of the cloths, indicated the entire rottenness thereof. There was no evidence that the goods were rotten. It was shown that they did not wear well, many of the coats having been returned by purchasers; but it is shown that the goods were felt, a manufacture which has not the lasting properties of woven cloth; and the use which the plaintiffs made of the stuff—i. e. making it up with a rubber lining for waterproof garments—was not, so far as the evidence discloses, within the contemplation of the parties to this sale. No test of the wearing properties of the cloth, excepting in connection with the rubber lining, was made; and there was no evidence that the goods were imperfect or differently made from the class of felt cloths of the price at which they were sold. There was evidence that cloth is regarded as good or inferior according to the price paid, and that this was a merchantable article for the price. The quality of the goods was indicated by the price, which was one dollar per yard, of double width, less a discount for cash. There was no evidence that the goods could not be made into coats which would stand the wear of ordinary felt cloths, and therefore it was not shown that the goods were unmerchantable, and so no implied warranty was broken. It furthermore appeared that the strength of the goods could have been tested in the ordinary manner, and that there was no latent defect discoverable upon use. No claim for defects, therefore, survived the delivery and acceptance of the goods. Dounce v. Dow, 64 N. Y. 411; Sprague v. Blake, 20 Wend. 61; Manufacturing Co. v. Lawrence, 4 Cow. 440. The plaintiffs would have had no cause of action for representations as to the wearing quality of the goods, even if any representations had been proved as pleaded, because, being manufacturers of garments, they could best know whether the stuff was suitable for their business.

The motion to strike out the evidence of representations of warranty was made also upon the ground of want of authority in the agent who sold the goods to make a special contract of warranty, and the motion was properly granted upon that ground, assuming the action to be for breach of warranty, as both sides have assumed on this appeal. Where a manufacturer intrusts an agent with the sale of his goods, he is not bound by the latter's warranty, unless there is proof of express authority or of a usage to warrant on such sales. Wait v. Borne, 123 N. Y. 592–604, 25 N. E. 1053; Argersinger v. McNaughton, 114 N. Y. 535–538, 21 N. E. 1022. Proof of express authority or of such usage must be made by the party alleging the warranty and claiming a breach of it. Herring v. Skaggs, 62 Ala. 180. None of the exceptions urged upon the appeal present reversible error, because the evidence excluded did not relate to the material points of the case above considered. Judgment and order affirmed, with costs. All concur.