EDWARD LAUFER, Respondent, *v.* THE BOYNTON FURNACE
COMPANY, Appellant.

*An amendment of a complaint to conform to the proof is discretionary — not dis-
turbed upon appeal — damages to a stock of plants — evidence upon the question of
damage.*

It is a matter resting in the sound discretion of the trial court to allow an amend-
ment of the complaint in an action in order to conform it to the proof, and the
exercise of such discretion will not be interfered with upon appeal, where
such amendment does not change the cause of action or demand from the
defendant any other defense than has been pleaded or there has been proof to
sustain, and where its sole result is to permit the plaintiff to recover such a
verdict as the evidence has established.

Where one of the items of damage sought to be recovered by the plaintiff in an
action is the value of his stock in a greenhouse, which was injured or destroyed
by reason of an alleged defect in a heating apparatus furnished by the defend-
ant, the plaintiff, for the purpose of showing the value of the plants, may
testify as to the average number of flowers cut from the plants the year pre-
vious, where he testifies that he has had thirteen years' experience in cultivat-
ing plants by artificial heat in the winter months, and knows how many
flowers he can produce from a plant.

APPEAL by the defendant, The Boynton Furnace Company, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Queens on the 8th day of
May, 1894, upon the verdict of a jury rendered after a trial at the
Queens County Circuit, and also from an order entered in said
clerk's office on the 15th day of May, 1894, denying the defendant's
motion for a new trial made upon the minutes.

*M. H. Cardozo,* for the appellant.

*Edward L. Frost,* for the respondent.

BROWN, P. J.:

The plaintiff was a florist, and in January, 1892, entered into a
contract with the defendant, whereby it agreed to furnish to him
and set up in his greenhouses a hot water heater with pipes accord-
ing to certain specifications, and gave to him a written guaranty that

SECOND DEPARTMENT, FEBRUARY TERM, 1895. [Vol. 84.

the boiler and radiators mentioned in the specifications would "heat greenhouses to the desired temperature for the term of fifteen years," provided they were kept in good workable condition.

This action was brought to recover damages arising from a breach of the guaranty.

Two causes of action were alleged in the complaint. In the first a recovery was sought for damages to plants and loss of sales of cut flowers which the plants would have produced if a proper temperature had been maintained in the greenhouses, and in the second for the difference between the value of the heater as it was and as it would have been had the guaranty been fulfilled.

There was a conflict of testimony as to what the guaranty was in reference to temperature.

The plaintiff claimed that it was to be as high as seventy-five to eighty-five degrees in one of the houses so as to permit the growth of delicate varieties of flowers, while defendant claimed that the desired temperature agreed upon was to be sufficient only for growing carnations and chrysanthemums and that fifty degrees was sufficient for such purpose.

There was no exception taken to the charge of the court, and there was no motion made to dismiss the complaint.

The only motion made was to dismiss the first cause of action upon the ground that there was not sufficient evidence to go to the jury as to what the plaintiff's actual damages were.

We are of the opinion that this motion was properly denied, and we find no reason for disturbing the verdict of the jury upon the facts.

The court charged the jury that if the plaintiff was entitled to succeed he had a right to recover, *first*, the difference in value between the heating apparatus he was entitled to receive under his contract and the heating apparatus he actually did receive, and, *second*, the difference between the value of the stock in his place which was injured or destroyed by reason of any defect in that apparatus before it was injured and the value of that stock after it had received such injury.

For the purpose of showing the value of the plants the plaintiff and his wife were permitted to testify, against the defendant's objection and exception, to the average number of flowers cut from the

plants the year previous.    We are of the opinion that this evidence was competent.

In the case of *Swain* v. *Schieffelin* (134 N. Y. 471) the plaintiff was permitted to recover for the loss of customers and sales and profits thereon, and proof of sales in a corresponding period of a prior year was permitted.

In *White* v. *Miller* (71 N. Y. 118) the court says : " The character of the season,   *   *   *   the manner in which the plants set were cultivated ; the condition of the ground ; the results observed in the same vicinity   *   *   *   and other circumstances may be shown to aid the jury, and from which they can ascertain approximately the extent of the damages resulting from the loss of a crop of a particular kind." In *Wakeman* v. *Wheeler & Wilson Manufacturing Co.* (101 N. Y. 200) it was said : " If there is no more certain method of arriving at the amount, the injured party is entitled to submit to the jury the particular facts which have transpired, and to show the whole situation which is the foundation of the claim and expectation of profits, so far as any detail offered has a legal tendency to support such claim."

The plaintiff testified that he had thirteen years' experience in growing flowers by artificial heat in the winter months, and that he knew how many flowers he could grow from a plant.    It was entirely permissible for him to state his experience, and the average number of flowers that he had cut from the various plants in the prior year. While the result, based upon such evidence, is somewhat speculative, it is no more so in reference to flowers than the prospective result from seeds and other crops, and is a most material fact to be considered in determining the value of the plants.    It was a fact proper in this case for the jury to be informed of, and to consider in determining the amount of the loss that plaintiff had sustained.

The amendment allowed to be made to the complaint to conform that pleading to the proof was one clearly within the power of the court.    It did not change the cause of action or demand from the defendant any other defense than it had pleaded and given proof to sustain.    Its sole result was to permit the plaintiff to recover such a verdict as the evidence had established.    It was a matter

that rested in the sound discretion of the trial court, and we find no reason to disagree with its judgment.

We have examined the other exceptions and find none that require notice.

The judgment must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs.