JONES et al. v. MAYER et al.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. SALE—WARRANTY.
　　A manufacturer of umbrella supplies, while making a sale to umbrella manufacturers of a quantity of red umbrella covers, assured them the color would not come off. *Held* a warranty.

2. SAME—BREACH—DAMAGES.
　　Red umbrella covers, sold to umbrella manufacturers with a warranty that the color would not come off, stained the umbrellas on which they were put. Held, that the damage for breach of warranty was not limited to the difference between the value of the covers as war-

ranted and delivered, but that the difference between what the umbrellas would sell for after being stained and but for the stain was recoverable.

Appeal from Second district court.

Action by Joseph Jones and others against William W. Mayer and others. From a judgment for defendants on counterclaim, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Campbell, Ford & Hance, for appellants.
H. Joseph, for respondents.

McADAM, J. The defendants are umbrella manufacturers, and the plaintiffs manufacturers of umbrella supplies. The defendants had an order for 150 umbrellas for the Chicago Fair, and informed the plaintiffs' agent of that fact. The agent thereupon showed the defendants a sample, which he said was a good cover, and stated how much cheaper it was than what Mr. Ross, another dealer, was selling, and that the trade was using it largely. An agreement was thereupon made by which the plaintiffs were to make the covers similar to the sample for the 150 umbrellas referred to, and the defendants sent one of the umbrellas to the plaintiffs, that they might fit the covers. The parties then talked about the color of the covers, which it was agreed should be red, and the agent assured the defendants that the color would not come off. While some of the cases hold that authority without restriction to an agent to sell carries with it power to warrant (Ewell's Evans' Ag. marg. p. 117, note 1; and see Moore v. King, 57 Hun, at page 227, 10 N. Y. Supp., at page 651), the prevailing rule casts upon the vendee proof of the agent's authority or the existence of a usage to warrant on such sales (Bierman v. City Mills Co., 10 Misc. Rep. 140, 30 N. Y. Supp. 929). In this instance all question as to authority is put at rest by the fact that the transaction was had with the manager and general agent of the business. Story, Ag. § 350; Whart. Ag. § 124. The plaintiffs manufactured the covers, and delivered them to the defendants, who put them upon the umbrellas, and sent them to the Chicago Fair. About 10 days afterwards the defendants received a letter from the Fair, stating that the umbrellas, which were black, had turned red, the color of the covers. The defendants had made an agreement to sell the umbrellas and covers at the Fair for $375, and they would have been worth that sum if the covers had been as warranted; but, in consequence of the damage done to the umbrellas by the covers, the defendants were forced to sell them as "seconds," at a loss of 25 per cent., which on the $375 amounted to $93.75. The plaintiffs' bill was $51.75. Upon receiving the goods back from Chicago, the defendants went with one of the umbrellas to the plaintiffs, and showed them that after taking the cover off the entire umbrella was dyed red, and that in attempting to wash it streaks would run down the umbrella; and stated that in consequence they would have to return all the covers to the plaintiffs, and demand the amount of their loss. The plaintiffs said they did not care what loss the defendants had sustained, but they might re-

turn the covers, and this was done. The plaintiffs then sent word that they would not take covers that were torn. The price of these was $19.50, and for this sum the defendants sent the plaintiffs a check. Thereafter the plaintiffs returned to the defendants the untorn covers, which the defendants laid aside, notifying the plaintiffs that they would hold them subject to their order. The action is to recover $32.25, being the contract price of the covers, less $19.50 paid by check. The defense, after proof of the facts narrated, was a counterclaim for breach of warranty, in which the damages were laid at $93, and for this sum the justice awarded the defendants judgment, from which the plaintiffs have appealed.

It is elementary that, in order to constitute a warranty, it is not necessary that the vendor should use the word "warrant" or "warranty." If the language actually used at the time of the sale upon a fair construction amounts or is equivalent to an undertaking on the part of the owner that the property is what it is represented to be, this is sufficient to create a warranty. Story, Sales (4th Ed.) § 357; Canning Co. v. Metzger, 118 N. Y. 260, 23 N. E. 372. "Any affirmation of the quality or condition of the thing sold (not uttered as matter of opinion or belief), made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth'of the fact affirmed, and inducing him to make the purchase, if so received and relied on by the purchaser, is an express warranty. And in cases of oral contracts, on the existence of these necessary ingredients to such a warranty, it is the province of the jury to decide, upon considering all the circumstances attending the transaction." Shippen v. Bowen, 122 U. S., at page 581, 7 Sup. Ct., at page 1283. In determining whether a warranty is intended, a decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment upon which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion and exercise his judgment. In the former case there is a warranty; in the latter not. Titus v. Poole, 145 N. Y., at page 426, 40 N. E. 228. Here the representation was made during the course of the dealing which led to the bargain, and entered into and formed part of it. It was, therefore, a warranty. Benj. Sales (1st Am. Ed.) § 610. The representation was certainly a material one, and, having been made by the manufacturers, supposed to have special knowledge on the subject, it undoubtedly influenced the defendants in making the contract; for it cannot be inferred that they would have purchased covers which, when put on their goods, would make them an entirely different color, and materially injure them. The defect was not open and visible, and the defendants, upon being assured that the color would not come off, were relieved from the necessity of testing the covers for the purpose of ascertaining whether they had been imposed upon or not. Dounce v. Dow, 57 N. Y. 16. They had a right to rely upon what the manufacturers said, and, according to the finding of the justice, did rely upon it, and did not know that any injury would result. It follows that the defendants were entitled to recover the damages caused to their property by the breach.

The rule that damages are the difference between the actual value

of the article sold with its defects and what it would have been worth if it had conformed to the warranty, does not limit the damages to this difference in cases where the manufacturer knows that the article is to be used by the vendee in a specified manner, and that such use in connection with other articles may, if the warranty fail, damage the vendee. In such a case consequential damages are recoverable, for they flow directly and naturally from the breach, and may fairly be supposed to have been within the contemplation of the parties. Thus, one buying coal dust to be used in making brick stated that, if mixed with soft coal dust, it would destroy the brick, and the seller warranted that it was free from soft dust. Held, that the measure of damages for the breach of warranty was not the difference in value between the article contracted for and the article received, but was the injury resulting to the brick from the presence of such soft coal dust. Milburn v. Belloni, 39 N. Y. 53. The plaintiffs must have known that if the color came off the covers it would inevitably injure the umbrellas, and there was, therefore, no necessity for telling them that result would follow.

Where material is sold to be manufactured into articles of merchandise, with warranty of its quality for that purpose, upon a breach the difference in value between the article made of the defective material and similar articles made of material equal to the warranty is a proper measure of damages. Parks v. Tool Co., 54 N. Y. 586. And see Moore v. King, 57 Hun, 224, 10 N. Y. Supp. 651; Bagley v. Mill Co., 22 Blatchf. 342, 21 Fed. 159; Swain v. Schieffelin (Sup.) 12 N. Y. Supp. 155. Where defendant contracted to construct a refrigerator for plaintiff, who was engaged in the business of preparing poultry for market, and with knowledge that plaintiff intended to at once make use of the refrigerator for freezing and preserving chickens for the May market following, expressly warranted that the freezer would keep them in perfect condition. This it failed to do, and in consequence a large quantity of chickens were lost. In an action upon the warranty the court charged, in substance, that the plaintiff was entitled to recover as damages the difference between the value of the refrigerator as constructed and its value as it would have been if made according to contract, and also to recover the market value of the chickens lost, less cost of getting them to market, and fees of commission men charged on sale; and the charge was held to be correct. Beeman v. Banta, 118 N. Y. 538, 23 N. E. 887. Gains prevented as well as losses sustained are proper elements of damage. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264. The policy of the law is to allow recovery of the actual loss in all such cases. 2 Sedg. Dam. (8th Ed.) p. 481. See, also, Laufer v. Furnace Co., 84 Hun, 311, 32 N. Y. Supp. 362. The damages allowed by the justice on the counterclaim fall within the principles governing breaches of warranty of the character referred to, and were properly assessed on the facts found. Having been compensated for the torn covers, and accepted the untorn ones under an agreement justifying their return, the plaintiffs' alleged cause of action was properly disallowed.

For these reasons the judgment must be affirmed, with costs. All concur.