RUSSELL v. CORNING MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. CONTRACTS—DAMAGES—PLEADING.

Under a complaint setting forth a contract and its breach, plaintiff, without any averment as to damages, may recover the damages necessarily or naturally resulting from such breach.

2. SALES—BREACH OF WARRANTY—DAMAGES.

In an action for damages for breach of a warranty of an apparatus for heating a house, damages arising from a failure to heat a room in a house used as a physician's office by plaintiff, the rental value of which was shown to be a certain sum per month, are recoverable.

3. SAME.

If a buyer, notwithstanding the defective condition of the thing sold, accepts and pays for it, he can recover, in an action for breach of warranty, as a legitimate result of the breach, the difference in value between the article provided for in the contract and the one furnished thereunder.

**4. SAME—ACTION FOR BREACH OF WARRANTY—DESIGNATION.**

    An action on a contract of sale need not be designated in specific terms "an action for breach of warranty," to enable plaintiff to recover damages arising from a failure to furnish an article of the character provided for by the contract.

**5. PLEADING—AMENDMENTS.**

    Where plaintiff has alleged and proved a cause of action, and the proofs are all in the case, an allowance of an amendment of the complaint to conform to the facts is proper.

Appeal from trial term, Niagara county.

Action by William P. Russell against the Corning Manufacturing Company. From a judgment for defendant after a nonsuit, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

P. F. King, for appellant.

A. J. Robertson, for respondent.

SPRING, J. The action is brought to recover damages for breach of contract for failure to provide a furnace to heat the dwelling house of plaintiff, in compliance with a written agreement. The complaint sets forth, in substance, the agreement whereby the defendant promised to put in the house of plaintiff, at Niagara Falls, a "Victor" furnace, for $150, stipulating that it would heat the lower rooms at 70° Fahrenheit in zero weather, and the second floor 65°; that the defendant did furnish and put in the furnace, and was paid $50 therefor; that said furnace failed to heat the rooms to the agreed temperature, and cannot do so; that by reason thereof the plaintiff has been debarred the full use of his residence; and that the health of himself and members of his family has been impaired in consequence thereof, and damages to the amount of $200 are demanded. The complaint, therefore, sets forth the contract and its breach, and, without any averment as to damages, the plaintiff was entitled to recover whatever was the necessary or natural result of the breach complained of. 5 Enc. Pl. & Prac. 739; Laraway v. Perkins, 10 N. Y. 371; Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112.

The contract was received in evidence, and the plaintiff established that the furnace, under the best of usage and attention, lacked the capacity to produce heat sufficient to make his house comfortable, and fell far short of the agreement of the defendant in this regard. The plaintiff was a physician, with an office in his residence, and the temperature was so low in that room that it was impossible for him to treat his patients in that part of the house, and the office was of but little use to him during the winter season. The evidence showed the rental value of this office was $10 a month, and, as it was within the scope of the agreement that it was to be heated by the furnace, the damages arising from this failure were fairly chargeable to the defendant. Beeman v. Banta, 118 N. Y. 538, 23 N. E. 887; Laufer v. Furnace Co., 84 Hun, 311, 32 N. Y. Supp. 361.

Again, the proofs · showed that a furnace, properly placed, of capacity adequate to heat the house suitably, was worth $180 to $185; that to remove the furnace furnished by defendant was worth $10. There was a variation from the actual value from $50 to $75, and the plaintiff offered to show its limit of value was what it would bring for old iron, but that was excluded. If the defendant omitted to comply with its contract, the plaintiff was entitled to recover, in any event, what he had paid on its purchase price. · If, notwithstanding its defective condition, he had accepted and paid for it, he could recover, as a legitimate result of the breach, the difference in value between the furnace provided for in the contract and the one foisted on him by the defendant. It is not necessary that the complaint be dubbed, in specific terms, "an action for breach of warranty," to permit the plaintiff to obtain his damages. The facts are alleged, and the breach appears, and, without christening the cause of action by a legal cognomen, a recovery is permissible for the loss flowing therefrom.

The plaintiff alleged and proved a cause of action, and if there was a hiatus in his complaint, inasmuch as the proofs were all in the case, an amendment to conform to the facts would have been very proper.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.