WILLIAM P. RUSSELL, Appellant, *v.* CORNING MANUFACTURING COMPANY, Respondent.

*Measure of damages for the breach of a warranty to heat a house — a complaint setting forth a warranty and its breach is sufficient without any averment as to damages.*

The measure of damages for the breach of a warranty that a furnace would heat a house and physician's office, considered.

*Semble,* that the damages, which are the necessary and natural result of a breach of warranty, are recoverable under a complaint setting forth the warranty and its breach without any averment as to damages.

APPEAL by the plaintiff, William P. Russell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 4th day of March, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Niagara Trial Term, and also from an order entered in said clerk's office on the 2d day of June, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*P. F. King,* for the appellant.

*A. J. Robertson,* for the respondent.

SPRING, J.:

The action is brought to recover damages for breach of contract for failure to provide a furnace to heat the dwelling house of plaintiff in compliance with a written agreement.

The complaint sets forth in substance the agreement whereby the defendant promised to put in the house of plaintiff at Niagara Falls a "Victor" furnace for $150, stipulating that it would heat the lower rooms at seventy degrees Fahrenheit in zero weather, and the second floor sixty-five degrees; that the defendant did furnish and put in the furnace and was paid $50 therefor; that said furnace failed to heat the rooms to the agreed temperature, and cannot do so; that by reason thereof the plaintiff has been debarred the full use of his residence, and that the health of himself and members of his family have been impaired in consequence thereof, and damages to the amount of $200 are demanded.

The complaint, therefore, sets forth the contract and its breach, and without any averment as to damages the plaintiff was entitled to recover whatever was the necessary or natural result of the breach complained of. (5 Ency. of Pl. & Pr. 739; *Laraway* v. *Perkins*, 10 N. Y. 371; *Ketchum* v. *Van Dusen*, 11 App. Div. 332.)

The contract was received in evidence, and the plaintiff established that the furnace, under the best of usage and attention, lacked the capacity to produce heat sufficient to make his house comfortable, and fell far short of the agreement of the defendant in this regard. The plaintiff was a physician with an office in his residence, and the temperature was so low in that room that it was impossible for him to treat his patients in that part of the house, and the office was of but little use to him during the winter season. The evidence showed the rental value of this office was ten dollars a month, and as it was within the scope of the agreement that it was to be heated by the furnace, the damages arising from this failure were fairly chargeable to the defendant. (*Beeman* v. *Banta*, 118 N. Y. 538; *Laufer* v. *Boynton Furnace Co.*, 84 Hun, 311.)

Again, the proofs showed that a furnace properly placed, of capacity adequate to heat the house suitably, was worth one hundred and eighty dollars to one hundred and eighty-five dollars. That to remove the furnace furnished by defendant was worth ten dollars. There was a variation from the actual value from fifty to seventy-five dollars, and the plaintiff offered to show its limit of value was what it would bring for old iron, but that was excluded.

If the defendant omitted to comply with its contract, the plaintiff was entitled to recover in any event what he had paid on its purchase price. If, notwithstanding its defective condition, he had accepted and paid for it, he could recover as a legitimate result of the breach the difference in value between the furnace provided for in the contract and the one foisted on him by the defendant. It is not necessary that the complaint be dubbed in specific terms an action for breach of warranty to permit the plaintiff to obtain his damages. The facts are alleged and the breach appears, and, without christening the cause of action by a legal cognomen, a recovery is permissible for the loss flowing therefrom.

The plaintiff alleged and proved a cause of action, and if there was a hiatus in his complaint, inasmuch as the proofs were all in the case, an amendment to conform to the facts would have been very proper.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.