PARDEE v. DOUGLAS et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. DAMAGES—BREACH OF CONTRACT—NOMINAL DAMAGES.

Where one agreed to bore an oil well for plaintiff, and defendants agreed with plaintiff to furnish the money and pay for the work, provided plaintiff would deposit certain stock with a bank, to be transferred to defendants as they should make payments, and plaintiff deposited the stock, but defendants broke the contract, and the well, after plaintiff had bored it to a depth about one-half that contracted for, collapsed and became worthless, the measure of plaintiff's damages was the excess of the agreed cost of boring the well over the value of the stock, and, there being no evidence of such value, only nominal damages could be given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 31.]

2. CONTRACTS—CONSTRUCTION.

Where defendants agreed with plaintiff to furnish money to pay a third person for boring an oil well for plaintiff, in consideration that

plaintiff deposit certain shares of stock with a bank, to be transferred to defendants as they advanced money on the work, and plaintiff deposited the stock, the shares did not thereby become the property of defendants.

Appeal from Special Term, Westchester County.

Action by John J. Pardee against H. Howard Douglas and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

C. A. Mountjoy (John J. Vause, on the brief), for appellants.
Henry H. Abbott, for respondent.

GAYNOR, J. The controlling facts come down to just this: The Syndicate Petroleum Company had a contract with Spellacy & McCay, by which the latter undertook to bore an oil well for it 1,000 feet deep, unless oil in paying quantities should be obtained at a lesser depth. To get the funds to pay for the work as it progressed the said company entered into a contract with the defendants whereby the latter agreed to furnish the money and pay it to the said Spellacy & McCay as their payments came due for the work, and the former agreed to deposit certificates for 100,000 shares of its stock with a specified bank to be transferred from time to time by said bank to the defendants at the rate of $5 a share in payment of the money they should pay to Spellacy & McCay on vouchers approved by the said Syndicate Petroleum Company. The stock was deposited with the bank, but the defendants broke the contract and never paid any money under it. The said company then proceeded to bore a well but it collapsed and became worthless after being sunk about 500 feet. The cost was $3,222.06.

What is the said company's measure of damage for the defendants' breach? The referee allowed the said $3,222.06. This was error. The measure was the excess of the cost of boring the well agreed upon over the value of the 100,000 shares of stock. Laraway v. Perkins, 10 N. Y. 371. Under the judgment in this case the company has the stock and is also given the amount of the expense of boring the well that failed. As there was no evidence of the value of the stock only nominal damages could have been given.

The judgment is based on the theory that the contract sued upon was an executed contract, i. e., wholly performed by the said company, in that the shares of stock were actually delivered to the defendants by being deposited with the bank, and are theirs, which is not so.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.