### RALPH B. CARTER CO. v. FISCHER.

#### (Supreme Court, Appellate Term.   March 10, 1910.)

**1. SALES (§§ 261, 442*)—EXPRESS WARRANTY—SPECIAL DAMAGES.**

The statements of the seller of an engine, of which it was the manufacturer, sold with knowledge that it was to be used in greenhouses, that it was guaranteed to be capable of performing the work for which it was sold, and that it would answer the buyer's purposes in every particular, constituted an express warranty, surviving the acceptance of the engine, so that the buyer could recover for damages actually and unavoidably done to flowers in the greenhouses through failure of the engine to work properly.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 725–735, 1284–1301; Dec. Dig. §§ 261, 442.*]

**2. TRIAL (§ 84*)—RECEPTION OF EVIDENCE—OBJECTIONS AND EXCEPTIONS.**

Where defendant, counterclaiming for damages for breach of warranty of an engine, sold for use in his greenhouses, that it would answer his purposes in every particular, was asked to state what happened to the flowers in his hothouses when he was without water so many days, the objection thereto for lack of proof that defendant "could not have procured water for his plants without this pumping arrangement," and exception to its admission, sufficiently raised the point that it was defendant's duty to adopt reasonable measures to minimize the loss, and that his theory of right to recover for the total loss of the flowers, though he made no attempt to minimize the loss by procuring water in other ways, was erroneous, unless their total loss did not exceed the injury to them before he could obtain sufficient help to water them, plus the expense of maintaining a force for that purpose till he could get in a satisfactory engine.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 84.*]

**3. DAMAGES (§ 62*)—WARRANTY—DAMAGES FROM BREACH—DUTY TO MINIMIZE.**

It is the duty of a purchaser of an engine, with an express warranty as to what it will do, to adopt reasonable measures to minimize the loss from its noncompliance with the warranty.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131; Dec. Dig. § 62.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Ralph B. Carter Company against Gustav Fischer. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SEABURY, GUY, and WHITNEY, JJ.

Van Ness & Van Ness (Archibald L. Van Ness, of counsel), for appellant.

Arthur O. Wiessner (Herbert N. Warbasse, of counsel), for respondent.

WHITNEY, J.  This is an action for a balance of purchase price of a pumping engine.  The engine was accepted, but defendant counterclaimed for breach of warranty.  The documentary evidence shows that it was sold with the knowledge that it was to be used in greenhouses, that it was "guaranteed to be capable of performing the work" for which it was sold, and that it "will answer your purposes in every particular."  The seller was the manufacturer.  These statements constituted an express warranty, which survived the acceptance of the goods.  Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 23 N. E. 372, 16 Am. St. Rep. 753.  Hence the jury could take into consideration damage actually and unavoidably done to the flowers in defendant's greenhouses through the failure of the engine to work properly.  Beeman v. Banta, 118 N. Y. 538, 23 N. E. 887, 16 Am. St. Rep. 779; Russell v. Corning Manufacturing Co., 49 App. Div. 610, 63 N. Y. Supp. 640.  For these reasons, I think that plaintiff's theory of the case, embodied in its requests to charge, was contrary to the law.

Defendant, however, was asked to "tell the jury what happened to those flowers in your hothouses, when you were without water for so many days."  This was objected to for lack of proof that he "could not have procured water for his plants without this pumping arrangement," and exception was taken to its admission.  It was his duty to adopt reasonable measures to minimize the loss.  Bruce v. Fiss, Doerr & Carroll Horse Co., 47 App. Div. 273, 276, 62 N. Y. Supp. 96.  It does not appear that he made any serious attempt to do so by procuring water in sufficient quantity in some other way.  His special damages were not the total loss of flowers, unless that exceeded the injury to the flowers before he could obtain sufficient help to water them, plus the expense of maintaining a sufficient force for that purpose until he could get in a satisfactory engine.  I think that the exception sufficiently raised the point that defendant's theory of damages, as well as plaintiff's, was contrary to law, that the evidence was prejudicial, and requires a reversal of the judgment.

The court also failed to make clear to the jury that they must deduct the amount of plaintiff's claim from any amount found to be payable by him upon the counterclaim, unless the latter amount were so large that the deduction would still leave it sufficient to exhaust the pecuniary jurisdiction of the court.  The jury seems to have been under a misapprehension as to this; but it is unnecessary to discuss, as there must be a new trial for the reasons already stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.