### DENIVELLE CO. v. LEONARD KEIL, Inc.

(Supreme Court, Trial Term, Westchester County. February 26, 1913.)

1. CONTRACTS (§ 163*)—BILLHEADS—WRITTEN AND PRINTED MATTER.
   The words, "boiler guaranteed free from defects for one year," written on a printed billhead at the time of the sale, overruled two printed clauses, "no special warranty," and "no claims for labor or damages will be allowed."
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 745; Dec. Dig. § 163.*]

2. SALES (§ 442*)—BREACH OF WARRANTY—SPECIAL DAMAGES.
   Where a factory bought a boiler informing vendor of the use to which it was to be put, who guaranteed it for a year, but it lasted only a few weeks and the vendor refused to repair it, damages were properly allowed for wages paid employés while awaiting the arrival of a new boiler, for rent of factory while shut down, and for loss of an order which had to be canceled.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Action by the Denivelle Company against Leonard Keil, a corporation. Verdict for plaintiff. A motion to reduce the verdict denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James De Camp, of Mt. Vernon, for plaintiff.
Edward J. Shumway, of New York City, for defendant.

TOMPKINS, J. This is a motion to reduce the verdict of the jury by striking out several items of special damages.

[1] The plaintiff's president went to the defendant's office, and there told the defendant's president that he wanted a boiler for the plaintiff's factory, and on the recommendation of the defendant's president purchased the boiler in suit. The plaintiff's president then paid $20 deposit on account of the purchase price of the boiler, and received from the defendant a memorandum of the terms of the sale which are written upon the printed billhead of the defendant. This memorandum is in the handwriting of the defendant's president, and includes the following:

"Boiler guaranteed free from defects for one year. No responsibility for breakage caused by freezing."

These sentences were written upon the printed billhead at the time of the sale, and overrule the following two clauses printed upon the billhead:

"No special warranty."
"No claims for labor or damages will be allowed."

The boiler lasted only a few weeks, and the defendant refused to repair it. The boiler is worthless.

[2] The jury rendered a verdict in favor of the plaintiff for $145, apparently refusing to find that the plaintiff was entitled to recover the freight and cartage claimed by the plaintiff, probably because the boiler was sold "f. o. b., N. Y. City." The items composing the verdict were:

| | |
|---|---|
| Purchase price of boiler | $70 00 |
| Wages allowed to four men for five days from time the boiler broke down to time new boiler was purchased and installed and work resumed | 42 00 |
| Rent of factory for the five days (the factory was shut down during that time) | 8 00 |
| Loss of order which was canceled as it could not be filled in time | 25 00 |

This motion is to reduce the verdict by striking out the last three items.

All of these items are recoverable by the plaintiff because the boiler was sold by the defendant after it had been informed of the use to which it was to be put by the plaintiff, and these are items of loss to the plaintiff which it would not have suffered if the boiler had been free from defects as warranted. Miller v. Patch Mfg. Co., 101 App. Div. 22, 91 N. Y. Supp. 870; Beeman v. Banta, 118 N. Y. 538, 23 N. E. 887, 16 Am. St. Rep. 779; Charter Gas-Engine Co. v. Kellam, 79 App. Div. 231, 79 N. Y. Supp. 1019; Russell v. Corning Mfg. Co., 49 App. Div. 610, 63 N. Y. Supp. 640; Borradaile v. Brunton, 8 Taunton, 535.

The motion to reduce the verdict should be denied, and judgment should be entered for the full amount of the verdict.