Stokrs, C. J.
We do not think it necessary to determine whether the warranty in this case is confined to the condition or quality of the barrels when they were .sold to the defendant, or extends to their condition at a subsequent time; because, in either of these cases, we are of the opinion that, on the finding of the auditor, there was a breach of the warranty, and that he adopted the correct rule of damages. He allowed to the plaintiffs the price agreed on for the property, deducting the expense of putting it in as good a condition as it was warranted to be. If the defendant had paid for the property, the amount so deducted would have been the rule of damages in an action brought by him on the warranty. It is not however necessary, w’here personal property proves to be inferior in quality to what it was warranted to be on its sale, that the vendee should pay' the price and resort to an action for the breach of the warranty; for, whatever may be the rule adopted élsewhere, it is well settled here that he may, in an action like the present, brought against him by the vendor for the price, reduce the damages by showing how much less the property wás worth by reason of its not corresponding with the warranty. McAlpine v. Lee, 12 Conn., 129. Kellogg v. Denslow, 14 id., 411.
The defendant, however, claims that he was entitled to a deduction, not only to that extent, but that the plaintiffs ought *284 not to have been allowed any thing for the pork which was spoilt in consequence of the worthlessness of the barrels which constituted the property of which the quality was warranted by the plaintiffs. Without inquiring whether, in an action for the price of goods sold with a warranty as to their quality, the defendant can show, in reduction of damages, not only how [ *348 J *much less the property was worth by reason of a breach of the warranty in that respect, but further damages sustained by him in consequence of such breach, (see Mondel v. Steel, 8 Mees. & Wels., 858,) we are of the opinion that, on the facts in this case, the defendant, if he had paid for the pi’operty bought, could not, even in an action on the warranty, have recovered for the value of the pork lost by reason of the defect in the barrels, and therefore that he was not in this action entitled to any deduction for that loss. If, having paid the price, the defendant, without any knowledge that the barrels were defective, his ignorance not being imputable to the want of reasonable care, had suffered the pork for a reasonable time to remain in the barrels, and it had been thereby injured, he could have sustained an action against the plaintiffs for such damage on the warranty. To this effect only is the decision in Borradaile v. Bronton, 8 Taunt., 535, (S. C., 2 J. B. Moore, 582,) which has been cited by the defendant. The only question made or decided in that case was, whether on the warranty there in question, the plaintiff was entitled, on its breach, to recover for the value of both the cable and anchor, or of the former only, and the decision of it did not turn on the inquiry whether the plaintiff, when he affixed the cable to the anchor, knew of the defectiveness of the cable, but upon another principle, and that entirely of a legal character.
That case is analogous to the present only in the respect that there the cable was designed to perform an office to the anchor similar to that of the barrels in this case to the pork, and from the report of that case it is plain that it did not appear and was not claimed that the plaintiff had any knowledge of such defectiveness. But if that fact had appeared, as it does in the present case, we can not doubt that the court would have considered the loss of the plaintiff as imputable, not to any misplaced confidence in the strength of the cable, superinduced by the warranty, but as a wanton and voluntary sacrifice by him of his property, the consequence of which he alone should bear. So in the case now before us, it being found that the [ *349 ] defendant, after having ascertained that the *barrels were so defective that the pork could not be preserved in them, suffered it to remain in them without any effort *285 to procure others in their stead, ás he might have done, and that it was spoilt from that cause, we are clearly of the opinion that the loss is to be atributed to the carelessness of the defendant, and that therefore he could sustain no action against the plaintiffs on the warranty.
The principle applies in its full force which was adopted in Hordern v. Dalton, (1 Car. & P., 181,) which was an action against a post master on his agreement to deliver to the plaintiffs, in a particular mode, their letters which he should receive at his office, and where it appeared that by mistake such a letter, containing a returned bill of exchange, was not delivered for one or two days, and that in consequence of such delay notice could not be given of its dishonor in due time by post, but that the plaintiffs could have given such notice in time if they had sent a special messenger for that purpose ; and Abbott, C. J., directed a nonsuit, on the ground that it appeared that due diligence could have been used by the plaintiffs which would have prevented the loss. While the defect in the barrels in this case was unknown to the defendant, his ignorance not being imputable to a want of reasonable care, he might rely on the warranty, and could resort to the plaintiffs for the injury to the pork during that time ; but, when the defect came to his knowledge, he should have repaired it if practicable, or, if not, have prevented the injury it would produce, by procuring new and good barrels in the place of those he purchased. For the expense incurred by him in doing so, and for that only, he could resort to the plaintiffs; because, by such expenditure, he would have been placed in as good a condition as if the warranty had not been broken, and by receiving that amount he would therefore be fully indemnified.
The justness of these principles, upon which, rather than on any technical grounds, damages ought to be assessed, is obvious. The property in the barrels, as well as in the pork, vested by the sale indefeasibly in the defendant, notwithstanding the warranty, which was executory merely and rested only in contract. If he had a *right to return the property on [ *350 ] discovering the defect in the barrels, (a point unnecessary to be examined,) he was not obliged to do so, and might keep it and rely on his warranty. This the defendant did in this case, and, for aught we can see, the pork, although originally bought with the barrels, is to be considered, as to the present question, in the same light as if it had before belonged to the defendant or had been obtained by him from any o'ther quarter. He assumed the care of it upon himself as his own property, and might have kept it in the barrels in which it was bought or in any *286 others, or indeed done with.it as he chose. In that respect the plaintiffs had no right to interfere. They sustained no relation to the defendant analogous to that of his bailor. . It would be very difficult to find any principle of law by which, while it was in the' possession of the defendant as its owner, the plaintiffs, without his consent,.would be justified in doing any acts with it ; and they clearly would not be.bound to do any such act even on the owner’s request. The contract did not require them to do any specific act', but only to indemnify the defendant in money for his damages resulting from the breach of the contract. Under the rule claimed by the defendant the pork might be wantonly and carelessly suffered by him to be spoiled and the plaintiffs inevitably subjected for its value.
We can not consider it necessary to confute a position, so preposterous. As well might it be claimed that a person who should buy a ship warranted sea-worthy, and, after discovering its deficiency in this respect, should place-his goods in it for transportation, could, on their loss from such cause, recover of the vendor their value ; or that one who should huy an animal with a warranty against some dangerous habit, or a carriage with a warranty that it was safely built, and, in one case should afterwards, knowing that the animal had that habit, intentionally expose himself to its exercise and receive a personal injury, or, in the other, knowing that the carriage was not safely constructed, ride in it and get hurt, could recover of the vendor on his warranty for such injury. In these and similar cases the injury is considered, and properly, as not arising directly from the [ *351 ] defect *warranted against, but rather from the want of reasonable care on the part of the purchaser, and for which he has no claim on the warranty. The principle upon which we have thus placed our decision of the case, is adopted in Loker v. Damon, 17 Pick., 284, and Miller v. Mariners’ Church, 7 Greenl., 51, as well as in the case of Hordern v. Dalton, already referred to.
In this case the auditor has found that it was necessary to repack the pork in new and tight barrels with new brine, that such was the established usage and custom in cases like the one in question, (of which the defendant must be presumed to have been conversant, and of which he might with due-inquiry have acquainted himself,) and that such a course would have preserved it; and as, according to the rule adopted in actions like the present, to recover the price of goods sold with a warranty of their quality, the defendant was entitled, to a deduction of the same sum that he would recover for the inferior quality of them, if it were an action brought by him on the warranty, the *287 decision of the auditor which proceeded on that rule was correct, and there is nothing erroneous in the judgment complained of.
In this opinion the other judges concurred; except Sanford, J., who having tried the case in the court below did not sit.
Judgment affirmed.