ROBERT L. EISENBACH, Respondent, *v.* GIMBEL BROS., INC., Appellant and Respondent; CHAS. WISSMANN Co., INC., Appellant and Respondent, and JOHN J. FELIN & Co., Appellant.

Argued September 26, 1939; decided November 21, 1939.

*Thomas F. Keane, Charles F. Bachmann* and *John P. Smith* for Gimbel Bros., Inc., appellant and respondent.

476

*Arthur K. Wing* and *James G. Purdy* for John J. Felin & Co., appellant.

*Leo M. Wieder* for Chas. Wissmann Co., Inc., appellant and respondent.

*Norman Winer, Eugene L. Bondy* and *Stephen Brooks-Rosenthal* for plaintiff, respondent.

LOUGHRAN, J.  Plaintiff was served smoked pork tenderloin at a restaurant and thereafter became infected with trichinosis, a disease caused by parasites (trichinae) commonly found in the meat of hogs.  He sued the restaurant keeper, Gimbel Bros., Inc., for breach of warranty of the fitness of the pork tenderloin for human food.  Pursuant to Civil Practice Act, section 193, subdivision 2, Gimbel impleaded its vendor, Chas. Wissmann Co., Inc., a wholesaler; and Wissmann in turn impleaded its vendor, John J. Felin & Co., a packer.

The jury at first found only a verdict for the plaintiff against Gimbel. The trial judge thereupon repeated to them his charge that, " if you find for the plaintiff, there should be the same verdict all the way down the line — the plaintiff against Gimbel's, Gimbel's against Wissmann, and Wissmann against Felin." Three verdicts in that sequence were then returned, each in the amount of the plaintiff's damages. The judgment entered thereon has been affirmed by the Appellate Division, one justice dissenting and voting to modify by dismissing the cross-complaint of Gimbel against Wissmann and the cross-complaint of Wissmann against Felin. From that affirmance each of the three parties defendant has separately appealed as of right to this court.

A motion by plaintiff to dismiss the appeal of Gimbel should first be disposed of. In *Municipal Service R. E. Co. v. D. B. & M. Holding Corp.* (257 N. Y. 423) we held " that an indemnitor or other third person made a party to the action under the provisions of subdivision 2 of section 193 of the Civil Practice Act does not thereby become a party to the original controversy and may enter a defense only to the claim for indemnification or contribution, made against him by the original defendant " (p. 430). Hence, argument may here be made that the dissent in the Appellate Division from the judgment as against Wissmann and Felin did not touch the plaintiff's recovery against Gimbel. In that view, the affirmance as to Gimbel was unanimous and, therefore, not appealable as of right. (Cf. *Landi* v. *Ludin Realty Co.*, 266 N. Y. 614.) We prefer to take a less restricted approach to the standing of Gimbel in this court. Dismissal of its appeal would not be practically consistent with the virtually indivisible theory of the consolidated trials of all the issues here involved. Nor would that result befit the judgment below in its formation as a single determination of the rights of all the parties as a whole. These considerations persuade us that plaintiff's motion to dismiss the appeal of Gimbel should be denied. (See *Alexander* v. *Torridaire Co.*, 264 N. Y. 672.)

Gimbel's evidence tended to show that the pork tenderloin served to the plaintiff had been cooked by it in boiling water for at least two hours. There was evidence from Felin that when pork tenderloin of like weight was so cooked every part of the meat was subjected to heat at a temperature in excess of 137 degrees Fahrenheit. In his charge to the jury, the trial judge said: " Of course, if the pork tenderloin was cooked so that all of it reached a temperature of at least 137 degrees, it is conceded by everybody that it did not have any live trichinae left in it. * * * So, if you believe the chef's testimony that he cooked this pork tenderloin for two hours or more in boiling water, and if you believe the testimony * * * to the effect that if pork tenderloin is cooked for even an hour in boiling water the temperature reaches 137 degrees even in the center of the pork tenderloin, then you have a right to conclude that trichinae were no longer alive in this pork tenderloin, even if they were there to start with, and that the plaintiff could not have gotten his trichinosis from this particular piece of pork tenderloin."

In view of these instructions, the verdict for plaintiff against Gimbel must be taken as a finding that Gimbel did not adequately discharge its undertaking properly to cook the pork tenderloin it served to the plaintiff. We find no error in the trial of the case against Gimbel. On that branch of the controversy, our conclusion is that the plaintiff's recovery should be affirmed.

The trial judge ruled that plaintiff's verdict against Gimbel necessarily entailed a recovery over by Gimbel against Wissmann and a further recovery over by Wissmann against Felin. His opinion was that these successive consequences of Gimbel's liability to the plaintiff were dictated by our decision in *McSpedon* v. *Kunz* (271 N. Y. 131).

In the *McSpedon* case, as this court there said, the plaintiff housewife testified " that she knew nothing about the requisite degree of heat or about trichinae " (p. 134). The fact here is that Gimbel's chef, after an experience of more than twenty-five years, did know those things. This plain-

tiff had a case only in the event that the pork tenderloin had not been cooked as Gimbel concededly knew it ought to have been cooked. But in that event, Gimbel had no case against Wissmann (and so Wissmann had none against Felin), for then Wissmann was entitled to invoke against Gimbel the principle that a party cannot recover for a loss that he could have averted by the exercise of due care. (*Fredendall* v. *Abraham & Straus, Inc.*, 279 N. Y. 146; *Razey* v. *Colt Co.*, 106 App. Div. 103. Cf. 1 Beven on Negligence in Law [4th ed.], p. 44.)

The judgment should be modified so as to dismiss the cross-complaint of the defendant Gimbel Bros., Inc., against the defendant Chas. Wissmann Co., Inc., and the cross-complaint of the defendant Chas. Wissmann Co., Inc., against the defendant John J. Felin & Co., and, as so modified, affirmed, with costs to the plaintiff against Gimbel Bros., Inc., and with one bill of costs to the defendants Chas. Wissmann Co., Inc., and John J. Felin & Co., against the defendant Gimbel Bros., Inc., in all courts. The motion to dismiss the appeal by Gimbel Bros., Inc., should be denied.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.