## C. Q. WALKER v. HICKORY PACKING COMPANY.

(Filed 8 October, 1941.)

**1. Food § 13—Evidence held insufficient for jury on cause in tort by retailer-consumer against manufacturer of spoiled food.**

Plaintiff's evidence was to the effect that he is a retailer and bought lard from defendant manufacturer, some of which he consumed in his own household, that the bucket of lard which he took home, although white and hard on top, was rancid underneath, that he ate some of the lard in a meal prepared by his daughter and that as a result thereof he sustained personal injuries. Plaintiff further testified that the lard had an "odor like carrion," that the biscuits which were prepared with the lard, some of which he ate, had a rank odor and that when pulled open "they knocked you down." *Held:* Defendant's motion to nonsuit on the cause of action sounding in tort should have been allowed, if not upon the issue of negligence for want of evidence as to how the lard was manufactured or what caused it to be bad or when it became rancid, then upon the issue of contributory negligence.

**2. Appeal and Error § 41—**

When it is determined on appeal that nonsuit should have been allowed on plaintiff's cause of action sounding in tort, defendant's assignment of error addressed to the refusal of the court to require plaintiff to elect between tort and contract is eliminated.

**3. Foods § 13—**

Evidence that a retailer bought lard from a manufacturer, that the lard, although white and smooth on top in the container buckets, was rancid and spoiled underneath, *is held* sufficient to support a recovery on a cause of action for breach of implied warranty to the extent of the amount paid for the lard.

SEAWELL, J., dissents.

APPEAL by defendant from *Gwyn, J.,* at April Term, 1941, of RUTH-ERFORD.

Civil action by dealer and ultimate consumer to recover of manufacturer for alleged negligence and breach of contract in the manufacture and sale of food products intended for human consumption.

Two causes of action are set out in the complaint, both bottomed on the same state of facts, (1) the one based on negligence, (2) the other on breach of warranty.

In the first cause of action, plaintiff alleges that during the summer of 1938 he was in the mercantile business in the town of Ruth, Rutherford County, and purchased from the defendant, a processor of meat and meat products, for resale and consumption, numerous quantities of lard, obtaining same from defendant's truck as it called at his store, usually on Tuesdays and Fridays of each week; that on 24 June he purchased 7 or more four-pound buckets of lard which were negligently

prepared by the defendant, rancid and unfit for human consumption; that on Sunday night following, he took one of the buckets to his home; that on the next morning his daughter used some of the lard in preparing breakfast, including biscuits; that plaintiff ate the biscuits, became nauseated, and suffered much pain as a result thereof. Plaintiff further alleges that he sold lard from the other buckets to customers who were unable to use it or were rendered sick from its use, and that as a consequence his customers left him, forcing him out of business to his great injury and damage.

In the second cause of action, the plaintiff reaffirms the facts as set out in the first cause of action and seeks to recover the damages alleged on the theory of implied warranty.

The defendant denied liability, pleaded contributory negligence and that the plaintiff's injuries, if any as alleged, were not within the contemplation of the contracting parties.

Plaintiff testified that he is 56 years of age and weighs 240 pounds; that he was nauseated from the lard his daughter used in cooking breakfast; that he purchased the lard from defendant's agent; that it was in a four-pound bucket bearing the label: "Hickory Packing Company— Pure Hog Lard"; that the bucket was closed with an unsealed lid which was easily removable; that he walked half a mile or more to his store after breakfast and later called a doctor who prescribed a laxative.

Plaintiff further testified: "The biscuits had a rank odor. We examined the lard in the container after breakfast. It looked hard on top, where she ran her finger down in the middle of it, like most ladies do, down so deep it got rotten and had an odor. It was as rotten as lard gets, and had an odor like carrion. . . . (Cross-examination) I farmed all my life up to the last four or five years, and have rendered lard. I had been buying lard from the Hickory Packing Company several months before this bad lard was purchased. Q. These biscuits did not smell as badly as biscuits you have made of your own lard? A. Absolutely. Q. How bad did they smell? A. When you pulled them open they knocked you down. Absolutely the lard was rotten, the top part was white and solid and it was rotten after you went into it. I could feel it. I could see it and I could smell it."

Dr. C. F. Gold, who was called to attend the plaintiff, testified: "I visited him upon his call, at the store. He was waiting on customers. He said he was nauseated and had been having some trouble with his stomach. I told him to take a laxative. . . . I suppose I was in the store with him 10 or 15 minutes. . . . His only complaint was that he was nauseated and vomiting. Most often in summer-time a lot of people have intestinal upsets. I could not swear the lard caused it, could not be positive. From my examination of him and his talk, he needed elimination, regardless of what caused the nausea. . . . The

lard Mr. Walker showed me there at the time I prescribed for him appeared to have a very rancid, bad odor."

The defendant offered no evidence.

Issues of negligence, contributory negligence, warranty, breach and damages were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict, the defendant appeals, assigning errors.

*Boucher & Boucher and Stover P. Dunagan for plaintiff, appellee.*
*Eddy S. Merritt and C. W. Bagby for defendant, appellant.*

STACY, C. J. The impression is gained from a careful perusal of the record that the demurrer to the evidence on the first cause of action should have been sustained, if not for failure to establish actionable negligence on the part of the defendant, then upon the ground of contributory negligence.

There is no evidence tending to show how the lard was manufactured, or what caused it to be bad, or when it became rancid. It is in evidence, however, that the lard was "rotten and had an odor like carrion" when used by the plaintiff some time after its purchase, and that the biscuits which he ate "had a rank odor . . . when you pulled them open they knocked you down." This defeats recovery on the first cause of action. *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108.

It also eliminates the assignment of error addressed to the refusal of the court to require the plaintiff to elect upon which cause of action he would proceed. *Craven County v. Investment Co.,* 201 N. C., 523, 160 S. E., 753; *Irvin v. Harris,* 182 N. C., 647, 109 S. E., 867; *Huggins v. Waters,* 167 N. C., 197, 83 S. E., 334; *Hawk v. Lumber Co.,* 145 N. C., 48, 58 S. E., 603; *Reynolds v. R. R.,* 136 N. C., 345, 48 S. E., 765; *Davis v. Van Camp Packing Co.,* 189 Iowa, 775, 176 N. W., 382; 26 C. J., 787.

The evidence is sufficient to support a recovery on the second cause of action to the extent of the amount paid for the lard. The action is between the dealer-purchaser and manufacturer-vendor. *Thomason v. Ballard & Ballard Co.,* 208 N. C., 1, 179 S. E., 30; *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Causey v. Davis,* 185 N. C., 155, 116 S. E., 401.

It results, therefore, that judgment of nonsuit will be entered on the cause of action sounding in tort, and a new trial awarded on the cause of action sounding in contract.

Reversed on first cause of action.

New trial on second cause of action.

SEAWELL, J., dissents.