No. 38,706

MARY FRIER, *Appellant,* v. THE PROCTOR & GAMBLE DISTRIBUTING COMPANY, THE PROCTOR & GAMBLE MANUFACTURING COMPANY, *Appellees.*

(252 P. 2d 850)

Opinion filed January 24, 1953.

*Harry O. Janicke* and *J. A. Herlocker,* both of Winfield, were on the briefs for the appellant.

*Donald Hickman,* of Arkansas City, argued the cause, and *James O. Coates* and *Potter Stewart,* both of Cincinnati, Ohio, and *Kirke W. Dale,* of Arkansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff brought this action to recover damages for injuries to her hand and medical attention resulting from the use of "Tide," manufactured by one of the defendants and distributed by the other, while washing dishes in a restaurant. She initiated the case April 6, 1951, by filing a bill of particulars in the city court against the distributing company only. A trial there resulted in a judgment in plaintiff's favor, and defendant appealed to the district court. There the manufacturing company was made an additional party defendant, the pleadings were amended, and a jury trial commenced. At the trial defendants moved that plaintiff be required to elect whether she was proceeding to recover on

contract or in tort. She elected to rely on "warranty, both express and implied." At the close of plaintiff's evidence defendants offered no evidence, but each of them filed a motion for judgment. These separate motions were sustained. Plaintiff has appealed.

The case made by plaintiff's pleadings and testimony may be summarized as follows: At the time of the trial she was 51 years of age and had lived on a farm all her life. She was married in 1919. She always did her own washing of dishes and clothes, using various kinds of soap or soap flakes. She first worked out in 1946 for one day a week at a gathering called "Community Sale," where she helped in the cooking and washing of dishes. In April, 1949, she commenced working at a restaurant which operated under the name of "Ranch Lunch." She worked eight hours a day, most of the time washing dishes, using "Rinso," "Super Suds," "Duz," or similar products furnished by her employer. Early in October her employer brought her a package of "Tide" for her use in washing dishes. She had never previously used Tide. It was in a sealed box. There was printed on the box the following:

"Tide's rich, active, kind-to-hands suds are different! Tide cuts grease like magic . . . washes dishes cleaner than any soap. No dishwater scum! No greasy ring around the pan! No cloudy film! That's why dishes and glassware rinse and dry sparkling clear—even without wiping."

This printing on the box indicated that its contents were a detergent more effective in cutting grease than any soap. Plaintiff testified she noticed the "kind-to-hands" phrase and that she relied upon it; that after using the first box of Tide her employer purchased a case or carton of Tide and that she used about one box a day in washing dishes for her employer at the restaurant for "several weeks." She continued her work for her employer until as late as February, 1950, perhaps later. She testified that she had never previously had any trouble with her hands from washing dishes; that about a week after she started using Tide she noticed that her hands were getting sore and that they later became rough, raw and inflamed; that she went to the drug store and got some medicine which she put on her hands for about two or three weeks and then consulted doctors. Other witnesses called by plaintiff testified that they had used Tide for washing dishes or in other cleaning and that their hands became red, there was irritation, and sometimes cracks or small blisters, and they ceased using it for those purposes. A doctor, who had not treated her but had examined her shortly before the trial, testified that from the condition

of her hands and the history given by her it was his opinion that the use of Tide started her trouble.

In their answer defendants denied liability and specifically denied that the alleged injuries of plaintiff were the result or caused in any manner by any negligence or breach of duty owed by them to plaintiff, and alleged that if plaintiff was injured the injuries were the result of the negligent and careless acts and omissions of the plaintiff, and further alleged that plaintiff was experienced in the work in which she was engaged and that her risk of being injured was incident to the employment, and that plaintiff knew, or by the exercise of reasonable care for her own well-being and safety could and should have known, of any danger to which she was exposed, notwithstanding which she continued to work and assume the risk of being injured. The reply was a general denial, and at a pre-trial conference it was agreed that the defendant manufacturing company manufactures Tide and places it in containers sealed by it, and that the defendant distributing company advertises and distributes the product throughout the United States.

At the close of plaintiff's testimony each of the defendants demurred thereto and the court expressed doubt about sustaining the demurrers. Each of the defendants then moved for judgment on the record. Those motions were sustained and judgment rendered for defendants.

In this court counsel for appellant first contend the court erred in requiring them to elect whether they were suing on a contract of warranty or upon negligence. We think there was no error in that ruling. The theories and bases of recovery are distinct and conflicting. (See, *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276, and authorities there cited.) It is well settled that a plaintiff should have a definite theory upon which he seeks recovery. However, in this case the point is not very important since plaintiff introduced all the evidence she had upon both theories before her election was made.

Counsel for appellant next complain that the court rendered judgment upon the record. We think the point is not well taken. Plaintiff had not purchased anything from either of the defendants. The court expressed the view that there was no privity between plaintiff and either of the defendants. The attorney for the plaintiff concurred in that view. Plaintiff's employer furnished plaintiff

with Tide to use in her work. There is no suggestion in this record that plaintiff ever complained to her employer that Tide was giving her trouble or that she requested something else to use in its place. More than that, plaintiff continued to use Tide for several weeks, perhaps more than three months, and although she was getting salve or ointment from a drug store and going to doctors and receiving treatment. The other witnesses who testified in her behalf with respect to the use of Tide quit using it when they found it was affecting their hands, with the result that the trouble ceased.

In the briefs there is quite a little discussion as to whether the motion on which the court rendered judgment is tantamount to a demurrer. We think it is more than that—that it was a submission of the case to the court upon the entire record, including the pleadings, the pre-trial conference, and the various rulings made in the progress of the trial. So considered, we find no error in the record.

The judgment of the court below is affirmed.