Charles E. BROWN, and Edith L. Brown, his wife, and Merle D. Chase and Helen Chase, his wife, d/b/a Around the World Gift Shop, a copartnership, Appellants,

v.

Carol Lee CHAPMAN, Cecil H. Chapman and Ruby Chapman, his wife, Appellees.

No. 17720.

United States Court of Appeals Ninth Circuit.

May 24, 1962.

Rehearing Denied June 26, 1962.

Kizer, Gaiser, Stoeve, Layman & Powell and John Layman, Spokane, Wash., Pratt, Moore, Bortz & Vitousek, Harold T. Kay and Alan C. Kay, Honolulu, Hawaii, for appellants.

Hullin, Ehrlichman, Carroll & Roberts and John A. Roberts, Seattle, Wash., Anderson, Wrenn, & Jenks, Martin Anderson and Dale Reid, Honolulu, Hawaii, for appellees.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This diversity action was brought to recover damages for personal injuries suffered by Carol Lee Chapman as the result of the burning of a hula skirt which she was wearing.[1] Suit was brought against the owners of the shop which had sold the skirt. The complaint charged negligence and breach of warranty.

Following trial to a jury, a verdict in favor of Carol in the sum of $125,000.00 was rendered, the jury finding defendants free from negligence but liable for breach of implied warranty. Defendants moved for judgment notwithstanding the verdict and for new trial. These motions were denied, the opinion of the district court appearing, as Chapman v. Brown, in 198 F.Supp. 78.

This appeal is taken from judgment and from the order denying the post-judgment motions of the defendants. The principal issues are presented by appellants' contentions that the record establishes lack of privity, lack of notice of Carol's claim of breach of warranty and that Carol had been contributorily negligent.

The hula skirt had been purchased in Honolulu, Hawaii, in March, 1956, by Carol's aunt, Frances Leppard of New Westminster, British Columbia, Canada. On November 2, 1957, Carol, a resident of Kamloops, British Columbia, was in New Westminster visiting her sister. She borrowed the skirt from her aunt in order to attend a costume party. The accident occurred at about one o'clock a. m.

---

1. At the time of commencement of the action, Carol was a minor. Suit was brought on her behalf by her mother as guardian ad litem and both parents joined as parties plaintiff. Carol has since attained her majority. While her parents have not been dismissed as parties, it was agreed during trial that no apportionment of damages among the plaintiffs need be made by the jury. The verdict rendered was in favor of Carol.

Suit was brought in the United States District Court for the Eastern District of Washington, in which district two of appellants then resided. Upon stipulation of the parties, venue was changed to the District of Hawaii.

The incident is described by the district court as follows, 198 F.Supp. 81:

"At the end of the dance, while Carol and her party were sitting at a table waiting for the clean-up crew to clean the hall, the hula skirt worn by Carol caught fire from an unknown source, inferred to have been from a glowing cigarette butt on the floor, and the resultant fire was allegedly so explosive and intense that the parties were unable to smother the same or remove the skirt from her until it was practically all consumed, except the waist band, and Carol had suffered burns to about 75% of the skin on her body."

The first issue presented by the appeal is whether, under the law of Hawaii, a plaintiff must be in privity with the seller in order to be able to recover from the seller for personal injuries sustained as a result of a breach of implied warranty. There is no Hawaii case law upon the question. Hawaii statute law is confined to the Uniform Sales Act.[2] Appellants contend that the provisions of this act limit the remedy of an action for breach of warranty to the buyer of the goods.

The district court discussed this question at length, subdivision XVIII of its opinion, 198 F.Supp. 98 through 119. It reached the conclusion that the Supreme Court of Hawaii would rule that privity is not required when the goods sold constitute a dangerous instrumentality and that a hula skirt consisting of fabric as flammable as the facts demonstrate the fabric in this case to have been, constitutes a dangerous instrumentality.

For the reasons set forth by the district court in its opinion, we agree that such is the law of Hawaii.

Appellants contend that there was not sufficient evidence to take to the jury the question of whether the skirt was reasonably fit for the purposes for which it was sold. They point to testimony of Mrs. Leppard that the skirt was bought as a souvenir, that it was used by her at a costume party and thereafter was hung on the wall of her "rumpus room" as a decoration. They assert that this demonstrates that the skirt "was fit for and fulfilled the purpose for which it was purchased."

The district court disposes of this contention in the following language, 198 F.Supp. 88, 89:

"The evidence, including the jury's observation of Carol and Mrs. Leppard in court, would support a finding by the jury: (1) that it was or must have been known to defendants at the time of sale (a) that this hula skirt was intended to be used *as an article of clothing*, (b) that Mrs. Leppard would probably lend it to others, and (c) that it would probably be used as an article of clothing at dances, costume parties or other social gatherings, large or small, where people drank or smoked, which is a very common modern condition; and (2) considering the relative size, height, etc. of Carol and Mrs. Leppard and the length of the skirt and how it was pinned on Carol, that the wearing of the skirt by plaintiff would not constitute a dif-

2. Revised Laws of Hawaii, 1955, chapter 202, § 202–15 provides in part:

"Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(a) Where the buyer expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, * * * there is an implied warranty that the goods shall be reasonably fit for such purpose."

§ 202–69 provides in part:

"(a) Where there is a breach of warranty by the seller, the buyer may, at his election:

* * * * *

"(2) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty; * * * *"

ferent use or purpose from that contemplated at the time of sale."

We agree.

Appellants protest that the Uniform Sales Act (§ 202–15, ch. 202, Revised Laws of Hawaii, 1955) provides that implied warranties are limited in scope to those purposes made known to the seller. They assert that the district court erroneously instructed the jury that the scope of such warranties is such as to include uses "which the seller should reasonably have anticipated at the time of sale."

The language of the statute (see footnote 2 of this opinion) provides a warranty "where the buyer expressly or by implication, makes known to the seller the particular purpose for which the goods are required." The question is as to the extent of the purposes made known to the seller by the buyer expressly or by implication.

█ The very fact that a useful article is purchased would seem to carry with it an implication that it is to be put to use. The extent of that implication would depend upon the extent of use which should reasonably have been anticipated by the seller.

█ We find no inconsistency between the instruction given and the language of the statute and no error in the giving of the instruction.

█ Appellants next contend that it was error for the district court to give to the jury the question of whether sufficient notice was given by Carol to appellants of the claimed defect and of her intent to enforce a claim of breach of warranty.[3] They contend that as a matter of law sufficient notice was not given.

The skirt was sold March 10, 1956. The accident occurred November 2, 1957. The then owners of the store (successors of appellants) were advised of the fact of the accident in November, 1958, and they in turn advised appellants around Christmas of that year. On January 12, 1959, counsel for Carol called on one of the appellants to discuss the accident. On June 25, 1959, by letter, Carol's intention of suing was clearly made known.

The district court discusses the question of notice in subdivision II of its opinion, 198 F.Supp. 82–85, and there recites the facts which it regards as bearing on the reasonableness of the notice and justification for delay. It concludes (page 84):

"Under all the foregoing circumstances, the Court rules that it cannot be said that, as a matter of law, proper notice was not given within a reasonable time, but that it was a question for the jury to decide under all the circumstances."

We agree.

Appellants next contend that the district court erred in refusing to instruct the jury that in an action based on breach of implied warranty, contributory negligence of the plaintiff is a good defense insofar as the right to recover consequential damages is concerned. Many authorities are cited to us in support of this proposition. Again, however, Hawaii case law is lacking.

The facts upon which appellants rely to constitute contributory negligence are: that the skirt was too large and

3. The court instructed:
   "In order for plaintiffs to recover on the breach of warranty cause of action, it must be shown that they gave notice to the defendants of the claimed defect and that they intended to enforce against the defendants their claim for damages for breach of warranty. Such notice must have been given within a reasonable time after the injury was sustained. What is a reasonable time is an issue for you to decide based upon all the circumstances of this case.

   "Under the law, no specific form of notice is required, but it must be notice of such character and solemnity as will reasonably put the defendants on guard and give the defendants timely information that the plaintiffs propose to look to the defendants for damages for breach of warranty.

   "If you find from the evidence in this case that the plaintiffs failed to give such notice to the defendants, then the plaintiffs cannot recover on the breach of warranty cause of action."

too long for Carol and had to be pinned in place and, when she was seated, draped upon the floor; that she had worn it to a party where over two hundred persons, including Carol and her escort, were dancing, drinking and smoking, where ashtrays had not been provided and cigarette butts lay strewn about the floor, including the area where Carol was seated.

In our view, the better rule is that contributory negligence is not a defense to breach of warranty where it serves simply to put the warranty to the test. As stated in Hansen v. Firestone Tire & Rubber Co., 6 Cir., 1960, 276 F.2d 254, 258:

> "Negligence on the part of the buyer would not operate as a defense to the breach of warranty. If the manufacturer chooses to extend the scope of his liability by certifying certain qualities as existent, the negligent acts of the buyer, bringing about the revelation that the qualities do not exist, would not defeat recovery. * * *"

In Bahlman v. Hudson Motor Car Co., 1939, 290 Mich. 683, 288 N.W. 309, 311, it is stated:

> "Defendant represented that the roof of its motor cars was particularly safe because made from one piece of steel. So far as appears in the record or common experience, the construction of the top of an automobile, whether it is of one or many steel sections, does not ordinarily affect the safety of the purchaser or others riding in a car under the normal conditions of travel. * * * Barring the most unpredictable eventualities, the only time that the strength and construction of the roof assume importance is when the car is overturned. Then an all-steel roof of solid construction may prevent injuries which formerly occurred when the tops of automobiles were fashioned from individual sections of wood or wood and metal and thus were easily demolished.

The safety of an automobile roof is thus tested after an untoward accident of some sort has taken place. If defendant's representations are to be given any meaning at all, they must be taken to warrant the increased protection of the particular type roof when the car is suddenly overturned, or when some foreign body, as another colliding car, is forced against it."

One may well rely upon a warranty as protection against aggravation of the consequences of one's own carelessness. Anticipating that one may, negligently, drop tobacco ash upon one's clothing, one may well rely upon a warranty that such clothing is made from suitable fabric which does not possess extraordinary characteristics of flammability and, accordingly, which will not burst into flame as the result of such an act of carelessness.

The jury was instructed that if it found assumption of risk, this would bar recovery in implied warranty. We agree with the district court that under Hawaii law contributory negligence less than assumption of risk will not bar recovery in implied warranty under the facts of this case.

Appellants contend that upon the record assumption of risk appears as a matter of law. We disagree. As the district court ruled, subdivision V of its opinion, 198 F.Supp. 86, the question was one for the jury.

Appellant Charles Brown contends that he is not a proper party and that judgment against him must be set aside.

The shop which sold the skirt ostensibly was operated as a partnership. The statements of partnership filed pursuant to Hawaii law showed only Appellants Edith Brown and Helen Chase as partners. Nevertheless, their husbands were joined as parties defendant upon the theory that they were either partners or principals. The question of whether they were partners or principals was given to the jury, which found that Brown occupied such a position but that

Chase did not. Judgment, accordingly, was rendered in favor of Chase. Brown here contends that there was no sufficient evidence of partnership or of a principal-agent relationship to take this question to the jury.

The district court discusses this question under subdivision VI of its opinion, 198 F.Supp. 86–87. It concludes:

"While the evidence as to Mr. Brown's being a partner or joint venturer was far from overwhelming, it cannot be said that, as a matter of law, it was insufficient to justify a finding by the jury of the existence of a partnership or joint venture, at least as far as Mr. Brown was concerned."

We agree.

Appellant Charles Brown further contends that the instructions under which the question of his status as partner, principal or joint venturer was given to the jury were erroneous in certain respects. In none of these respects, however, did he state the grounds of his objection in the district court as required by Rule 51, F.R.Civ.P., 28 U.S.C.A.

Finally, appellants contend that the district court erred in refusing to give an instruction as to their freedom from liability should the jury find that the cause of the accident was "the wanton and malicious act of a third party" in deliberately setting fire to the skirt. There is no evidence that such was the cause nor is there evidence from which this fact might have been inferred. Under the circumstances, the giving of such an instruction would have constituted error.

Carol has filed a cross-appeal assigning as error the refusal of the district court to give to the jury, in connection with her claim of negligence, the question of appellants' violation of the provisions of the Flammable Fabrics Act, 15 U.S.C.A. §§ 1191–1200. In view of our manner of disposition of the appeal of appellants, we do not find it necessary to deal with this question.

Judgment affirmed with costs to Appellee Carol Lee Chapman.