TEX–TUBE, INC., and the National Supply Company, Appellants,

v.

ROCKWALL CORPORATION, Appellee.

No. 4224.

Court of Civil Appeals of Texas.

Waco.

May 14, 1964.

Culton, Morgan, Britian & White, James C. Sanders, Underwood, Wilson, Sutton, Heare & Berry, Jerome W. Johnson, Amarillo, for appellants.

McCarthy, Carnahan, Fields & Haynes, Amarillo, for appellee.

McDONALD, Chief Justice.

This is a products liability case. Plaintiff Rockwall instituted this suit against defendant National, alleging that plaintiff purchased from defendant National a quantity of 4½ inch thin wall seamless pipe, to construct an underground pipeline crudeoil gathering system; that defendant National undertook to design and advise plaintiff in the construction of such system, and expressly and impliedly warranted that the pipe was free from latent and inherent defects that would subsequently impair its usefulness for the purpose sold; that these expressed and implied warranties induced plaintiff to purchase the pipe; that the pipe thereafter ruptured where it had not been welded properly, causing plaintiff damages, for loss of oil; repair and cleanup costs; and loss of profits.

Defendant National impleaded Tex-Tube, Inc., the manufacturer of the pipe, as a third party defendant, asking for judgment over against Tex-Tube for any judgment plaintiff might recover against National.

Trial was to a jury which found that the rupture in the pipe was caused by a defective weld; that express and implied warranties existed at the time the purchase was made; and that plaintiff was damaged in the sum of $3325.27. The jury further found (Issue 10) that defendant National delivered to plaintiff a "high-low pressure switch" to be used in the oil gathering system; that such switch was not used by plaintiff; that the failure to use it was

negligence and a proximate cause of plaintiff's damages.

Plaintiff and defendants both moved for judgment. The trial court granted plaintiff's motion for judgment (disregarding Issue 10), and entered judgment for plaintiff for $3325.27 against defendant National; and entered judgment for National over against Tex-Tube on the 3rd party action.

Defendants National and Tex-Tube appeal, contending (among other things) that the trial court erred in disregarding the jury's answer to Issue 10, and that such answer precludes rendition of judgment for plaintiff.

The record reflects that defendant National warranted the pipe to carry a pressure of 800 pounds per square inch, and that the warranty was untrue, because the pipe burst at a time when the pressure was 500 pounds per square inch; and that the pipe burst because of a defective weld in the pipe. The record reflects that defendant National designed plaintiff's oil gathering pipeline system, and sold to plaintiff the pipe, pumps, motor and other material and equipment; that National furnished a "high-low pressure actuated shut off control," to plaintiff along with the motor and pump; that such device would automatically shut down the pump and the entire operation whenever the pressure went below working pressure, as when a leak should occur. The jury found that the "high-low pressure shut off control" was not used by the plaintiff; that such was negligence, and a proximate cause of plaintiff's damages.

The record further reflects that plaintiff lost some 2504 barrels of oil; that the pump puts some 160 barrels per hour through the line; that the gathering system will contain about 592 barrels at all times. If plaintiff had used the "high-low shut off control switch," the pump would have shut off when the pipe ruptured (due to the pressure drop), and the loss of oil would have been confined to the oil in the pipeline.

From the record we think the amount of oil which would have been lost had the pump shut down after the pipe ruptured is ascertainable.

There is no question from the jury findings but that the defective weld in breach of defendant National's warranty, caused the pipe to rupture, and that this resulted in loss of the oil from the line. Nevertheless, had the "high-low switch" been in operation, the oil loss would have been considerably less.

The relationship between negligence on the part of the buyer, and breach of warranty by the supplier, lies in the twilight zone of the "products liability" field of litigation. American Law of Products Liability by Hursh takes note of the confused situation at p. 415:

"The question of whether contributory negligence is a defense available to one charged with liability on the ground of breach of warranty for product caused injury is a most interesting one. * * * The rulings of the courts on this question of contributory negligence are less than entirely harmonious. * * * The weight of authority appears to be on the side of the view that negligence on the part of the user of a product is no defense in a breach of warranty action against the manufacturer or seller. * * *

"Note that something closely akin to the idea of contributory negligence is embodied in Section 336 of the Restatement of Contracts, which states that damages are not recoverable for harm that the plaintiff should have foreseen and could have avoided by reasonable effort without undue risk, expense, or humiliation."

In the instant case, the record reflects that leaks in oil pipe line gathering systems are not uncommon, and the jury found that the plaintiff's not using the "high-low switch cutoff", was negligence and a proximate cause of plaintiff's damage.

The leak would have occurred whether plaintiff had used the cutoff device or not, but plaintiff's damages would have been considerably less had it used the device.

■ Plaintiff was negligent in not using the "cutoff switch" device, which would have, if used, reduced the damages.

We think plaintiff should not be permitted to recover for harm or damages that plaintiff itself could have foreseen, and could have avoided by reasonable effort, in the use of the "cutoff switch device".

We think the trial court erred in disregarding the jury's answer to Issue 10, and that the answer to such issue precludes rendition of judgment for plaintiff, to the extent that plaintiff's own negligence proximately caused its damage. (All of defendants' other contentions are overruled).

The judgment is reversed and remanded for further proceedings not inconsistent herewith.