243 A.2d 910.

HENRY L. RICHARD *vs.* H. P. HOOD & SONS, INC.

JULY 1, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case is before us on the plaintiff's appeal from a judgment entered by the superior court on a jury verdict in favor of the defendant on counts of negligence and breach of implied warranty respectively.

The pertinent facts are as follows. At approximately 7:30 a.m. on April 23, 1965, a deliveryman from defendant milk company delivered six half-gallon bottles of milk to plaintiff's home. Within a reasonable time thereafter, plaintiff placed these bottles on the top shelf of his refrigerator. At

approximately 8 p.m. that evening, plaintiff, who lacked fingernails, took one of these full bottles from his refrigerator and attempted to open the same by twisting the paper cap which covered the bottle's top. As he did so, a piece of glass pierced the cap and cut the third finger of his left hand necessitating an operation on the same.

In his complaint plaintiff alleged in the alternative that his injury was caused by defendant's negligence or breach of its implied warranty under G. L. 1956, §6A-2-315, as amended, that such bottle of milk would be fit for human consumption.[1]

In his charge to the jury, the trial justice stated:

"I believe you should again, even in this second count, as to the implied warranty, examine the evidence to determine if the plaintiff himself was in the exercise of due care as he took the bottle from the refrigerator and opened it, and whether or not his conduct was that of the ordinarily prudent person. And again, weigh all of the evidence to determine whether or not the plaintiff has satisfied you by the fair preponderance of the evidence that he was in the exercise of due care. That is, if the plaintiff was guilty of contributory negligence, he would not be permitted to recover in a case of this type where he is seeking to recover consequential damages as the result of a breach of an implied warranty.

"If you believe that he was not in the exercise of due care himself, you should return a verdict for the defendant. If you believe that he was in the exercise of due

---

[1] "6A-2-315. Implied warranty: Fitness for particular purpose.—Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the sellers' skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose. As to foodstuffs or drinks sold for human consumption in sealed containers, there is an implied warranty that the goods shall be reasonably fit for such purpose, and such warrants shall extend from the seller and the manufacturer or packer of such goods to the person or persons described in §6A-2-318 of this chapter."

care, and that there was a breach of the implied warranty to supply the plaintiff with a container which was reasonably fit for the purpose for which it was delivered, then you should bring in a verdict for the plaintiff."

Prior to reaching its verdict the jury returned for further instructions on the law as it was explained by the trial justice with regard to the alleged breach of warranty. The trial justice instructed the jury as follows:

"Now in addition to that, I said, as about the conduct of the plaintiff himself: It is one thing to say that the defendant is under an obligation, because of this implied warranty, to furnish the plaintiff with food products that are fit for human consumption in a container that is also reasonably fit for the purpose for which it is used, but the plaintiff himself must satisfy you, when he is seeking to recover consequential damages, that he was in the exercise of due care.

"Is there anything about the conduct of the plaintiff and the manner in which he took this bottle from the refrigerator and opened the cap, that would cause you to say that he was or was not in the exercise of due care? The plaintiff has the burden to establish his case to satisfy you by the fair preponderance of the evidence that he was in the exercise of due care in his use of the bottle which was furnished by the defendant. If the plaintiff himself was guilty of contributory negligence, he would not be permitted to recover in a case of this type where he is seeking to recover consequential damages. In other words, the plaintiff cannot be permitted to recover for his own fault."

At approximately 3:50 p.m., the trial justice, without the knowledge of counsel, sent a note to the foreman of the jury asking him if he believed the jury to be anywhere near ready to report with a verdict. The foreman answered, "Hopefully." At approximately 5 p.m., the jury returned with its verdict for defendant on both of the aforesaid counts.

The plaintiff bases his appeal on the following three contentions. He maintains that the trial justice committed reversible error in charging the jury that a finding of contributory negligence would be a defense to his action for consequential damages under the theory of breach of implied warranty of fitness for a particular purpose; that the trial justice committed reversible error by sending, without the knowledge of counsel, a note to the jury foreman asking him if he believed the jury to be anywhere near ready to report with a verdict; and that the trial justice's instruction:

"* * * this action was brought by the plaintiff's attorney, and was brought in the sum of ten thousand dollars. All I want to say to you is that that figure means nothing, it means nothing to the jury at all,"

constituted reversible error.[2]

We consider first the question of whether the trial justice erred in instructing the jury that a finding of contributory negligence would be a defense to plaintiff's claim under the theory of breach of implied warranty for a particular purpose. The plaintiff argues in the alternative that contributory negligence is not a defense to a claim based upon breach of warranty and that even if it were, there was not sufficient evidence to warrant the trial justice instructing the jury on it.

We will consider these alternative arguments in the order raised. In his brief plaintiff quotes the following portions of the trial justice's charge as constituting error.

"* * * That is, if the plaintiff was guilty of contributory negligence, he would not be permitted to recover in a case of this type where he is seeking to recover consequential damages as the result of a breach of an implied warranty.

"If you believe that he was not in the exercise of due

---

[2]Plaintiff indicates in his brief that he is not pressing the denial of his motion for a new trial on appeal.

care himself, you should return a verdict for the defendant. * * *

" * * * If the plaintiff himself was guilty of contributory negligence, he would not be permitted to recover in a case of this type where he is seeking to recover consequential damages. In other words, the plaintiff cannot be permitted to recover for his own fault."

The plaintiff's counsel took specific objection to the aforesaid language stating that

" * * * Under the theory of implied warranty, I don't believe it is the obligation of the plaintiff to prove his freedom from contributory negligence. * * *

" * * * in a case of implied warranty no burden is upon the plaintiff to show freedom from contributory negligence, or to show that he acted in the exercise of due care * * *."

As Prosser has stated in 50 *Minn. L. Rev.* 791, at 838:

"Superficially the warranty cases, whether on direct sale to the user or without privity, are in a state of complete contradiction and confusion as to the defense of contributory negligence. It has been said in a good many of them that such negligence is always a defense to an action for breach of warranty. It has been said in almost as many that it is never a defense. This is no more than a part of the general murk that has surrounded 'warranty,' and is one more indication that this unfelicitous word is a source of trouble in the field. Actually, however, the disagreement is solely a matter of language; and if the cases are examined as to their substance, they fall into a very consistent pattern."

We have examined those cases dealing with the question before us and are in accord with Prosser's conclusion at pages 838-840, as follows:

"Where the negligence of the plaintiff consists only in failure to discover the danger in the product, or to take precautions against its possible existence, it has uniformly been held that it is not a bar to an action for

breach of warranty.[3] * * * But if he discovers the defect, or knows the danger arising from it, and proceeds nevertheless deliberately to encounter it by making use of the product, his conduct is the kind of contributory negligence which overlaps assumption of risk; and on either theory his recovery is barred.[4] * * *

"It is always possible that the plaintiff's negligence may consist of an abnormal use of the product, and whether there is discovery of the danger or not, the recovery may be barred on that ground."[5]

[3]*Pritchard* v. *Liggett & Myers Tobacco Co.*, 350 F.2d 479 (3d Cir. 1965); *Brown* v. *Chapman*, 304 F.2d 149 (9th Cir. 1962), affirming 198 F. Supp. 78; *Crane* v. *Sears, Roebuck & Co.*, 218 Cal. App.2d 855, 32 Cal. Rptr. 754; *Vassallo* v. *Sabatte Land Co.*, 212 Cal. App.2d 11, 27 Cal. Rptr. 814; *Simmons* v. *Wichita Coca-Cola Bottling Co.*, 181 Kan. 35, 309 P.2d 633; *Bahlman* v. *Hudson Motor Car Co.*, 290 Mich. 683, 288 N.W. 309; *Brockett* v. *Harrell Bros.*, 206 Va. 457, 143 S.E.2d 897; see *Challis* v. *Hartloff*, 136 Kan. 823, 18 P.2d 199. See also *Jarnot* v. *Ford Motor Co.*, 191 Pa. Super. 422, 156 A.2d 568. But see *Friend* v. *Childs Dining Hall Co.*, 231 Mass. 65, 120 N.E. 407; *Kassouf* v. *Lee Bros.*, 209 Cal. App.2d 568, 26 Cal. Rptr. 276; *Dagley* v. *Armstrong Rubber Co.*, 344 F.2d 245 (7th Cir. 1965); *Hansen* v. *Firestone Tire & Rubber Co.*, 276 F.2d 254 (6th Cir. 1960).

[4]*Dallison* v. *Sears, Roebuck & Co.*, 313 F.2d 343 (10th Cir. 1962); *Hitchcock* v. *Hunt*, 28 Conn. 343; *Tomita* v. *Johnson*, 49 Idaho 643, 290 Pac. 395; *Cedar Rapids & I.C. Ry. & Light Co.* v. *Sprague Elec. Co.*, 203 Ill. App. 424, aff'd, 280 Ill. 386, 117 N.E. 461; *Frier* v. *Proctor* [sic] *& Gamble Distrib. Co.*, 173 Kan. 733, 252 P.2d 850; *Topeka Mill & Elevator Co.* v. *Triplett*, 168 Kan. 428, 213 P.2d 964; *Barefield* v. *La Salle Coca-Cola Bottling Co.*, 370 Mich. 1, 120 N.W.2d 786; *Gardner* v. *Coca-Cola Bottling Co.*, 267 Minn. 505, 127 N.W.2d 557; *Nelson* v. *Anderson*, 245 Minn. 445, 72 N.W.2d 861; *Missouri Bag Co.* v. *Chemical Delinting Co.*, 214 Miss. 13, 58 So.2d 71; *Finks* v. *Viking Refrigerators, Inc.*, 235 Mo. App. 679, 147 S.W.2d 124; *Maiorino* v. *Weco Prods. Co.*, 45 N. J. 570, 214 A.2d 18; *Cintrone* v. *Hertz Truck Leasing & Rental Serv.*, 45 N. J. 434, 212 A.2d 769; *Eisenbach* v. *Gimbel Bros.*, 281 N. Y. 474, 24 N.E.2d 131; *Bates* v. *Fish Bros. Wagon Co.*, 50 App. Div. 38, 63 N. Y. Supp. 649; *Bruce* v. *Fiss, Doerr & Carroll Horse Co.*, 47 App. Div. 273, 62 N. Y. Supp. 96; *Walker* v. *Hickory Packing Co.*, 220 N. C. 158, 16 S.E.2d 668; *Pauls Valley Milling Co.* v. *Gabbert*, 182 Okla. 500, 78 P.2d 685; *McCormick Harvesting Mach. Co.* v. *Nicholson*, 17 Pa. Super. 188; *Tex-Tube, Inc.* v. *Rockwall Corp.*, 379 S.W.2d 405.

[5]*Swain* v. *Boeing Airplane Co.*, 337 F.2d 940 (2d Cir. 1964). See also *Dallison* v. *Sears, Roebuck & Co.*, 313 F.2d 343 (10th Cir. 1963); *Rasmus* v. *A. O. Smith Corp.*, 158 F. Supp. 70 (N.D. Iowa 1958).

It is our opinion that there is merit in plaintiff's contention that the trial justice erred in charging the jury as he did. When the portions of the charge quoted by plaintiff in his brief are taken in the context of the entire charge it becomes clear that the trial justice's charge is vague and ambiguous. While it may be argued that the instruction by the trial justice to the jury to

> " * * * examine the evidence to determine if the plaintiff himself was in the exercise of due care as he took the bottle from the refrigerator and opened it, and whether or not his conduct was that of the ordinarily prudent person * * *"

was no more than a direction to consider the possibility that plaintiff may have engaged in an "abnormal use of the product," it was equally susceptible to the interpretation that plaintiff's failure to ascertain a defect in the bottle or to take precautions against its possible existence would bar his recovery. Since it is our opinion that the charge might reasonably yield the latter construction, it is, of course, objectionable. *Prosser, supra.* What he should have instructed the jury was that recovery should be denied if they found that twisting the cap of the milk bottle constituted an abnormal use of the product. If that had been his charge, there could have been no doubt in the minds of the jury as to the meaning it intended to convey.

In light of this conclusion, it is unnecessary to consider the plaintiff's remaining contentions.

The plaintiff's appeal is sustained, and the judgment appealed from is reversed.

ROBERTS, C. J., concurring. I concur on the ground that in an action based on the breach of an implied warranty, contributory negligence is not a defense; and accordingly the jury should not be charged in language which questions whether the plaintiff was contributorily negligent, but

rather in language which questions whether he engaged in an abnormal use of the product.

*Charles A. Hirsch, William G. Grande,* for plaintiff.

*Stephen F. Mullen,* for defendant.